Filed March 12, 1885.

---

No. 10,974.

INDIANA INSURANCE COMPANY v. HARTWELL.

INSURANCE.—*Pleading.*—*Complaint.*—*Exhibits.*—A complaint upon a policy of insurance to recover for a loss by fire, which does not exhibit the policy, or a copy of it, is bad on demurrer.

SAME.—*Agency.*—*Cancellation of Policy.*—*Notice.*—An agent, with authority to obtain insurance, is not necessarily an agent of the insured, to whom notice of cancellation of the policy may be given, or payment of the unearned premium made, so as to bind the insured; nor is a recital in the policy, that the broker obtaining the insurance was agent of the insured, conclusive upon that subject.

Indiana Insurance Company *v.* Hartwell.

SAME.—*Refunding Unearned Premium.*—In such case a direction to the agent to charge the unearned premium to the insurance company, he being personally indebted to the latter in a larger sum, is not a compliance with a stipulation in the policy that it may be cancelled by refunding the unearned premium.

From the Marion Superior Court.

*V. Carter,* for appellant.

*C. F. Rooker* and *A. W. Hatch,* for appellee.

MITCHELL, J.—The case made in the record before us is based upon a complaint filed in the Marion Superior Court to recover a loss occurring under a policy of fire insurance issued by the appellant upon the property of the appellee.

The first error insisted on is, that the court erred in overruling a demurrer to the complaint, and the objection pointed out is that neither the original nor a copy of the policy of insurance is filed with or made a part of the complaint. The failure to file either the original or a copy of the policy of insurance, constituting as it does the foundation of the action, is conceded to be error.

Affidavits from counsel on both sides are here, from which we are convinced that at the time the demurrer was considered by the learned court below, it was ruled upon as if the policy had been made a part of it. Whatever arrangement may have existed between counsel at the time, inasmuch as they are not in accord about it now, we can only consider the record as we find it. That the final determination of the case may be facilitated, we will examine such other questions in the record as may arise on a second trial.

The second paragraph of answer, to which the court sustained a demurrer, set up, in substance, that the policy of insurance was effected through the agency of Mickel & Gardner, insurance brokers in the city of Chicago. It is averred that these brokers were the agents of the insured for the purpose of procuring a line of insurance on the factory of the insured, which was situate in Chicago; that they made the application and received the policy, and that the insurance company had

no communication with the insured whatever; that there was contained in the policy a stipulation to the effect that only such persons as should hold the commission of the company should be deemed its agents, in any transaction relating to insurance, renewals and the payment of premiums, etc.; any other persons were to be deemed the agents of the assured. The policy also contained a stipulation by which the company reserved the option of terminating the policy at any time, on giving notice to that effect and refunding a ratable proportion of the premium paid.

It was averred that at a date prior to the loss, the appellant exercised its option to cancel the policy, and gave written notice to Mickel & Gardner to that effect, and directed them to charge against it the amount of the unearned premium, they being at the time its debtor in a much larger sum.

The agency, which it is claimed existed on behalf of the insured, by Mickel & Gardner, is predicated upon the stipulation in the policy above referred to, and upon the fact that they were employed to procure a line of insurance for him. It is contended that the notice to them of the cancellation, and the direction to them to charge the insurance company with the unearned premium, was a compliance with the stipulation in that regard, and effected a cancellation of the policy.

The case of *Grace* v. *American Central Ins. Co.*, 16 Blatchf. 433, is relied on, and it fully sustains the first branch of the proposition stated. This case, however, was decided at the circuit, and upon appeal to the Supreme Court it was reversed, and the law ruled explicitly the other way. *Grace* v. *American Central Ins. Co.*, 109 U. S. 278. In that case, as in this, the subject of agency was sought to be controlled by a stipulation in the policy, coupled with the fact that an insurance broker placed or procured the policy for the insured. Speaking of the relation which the broker sustained to the insured, HARLAN, J., said: "When the contract was consummated by the delivery of the policy he ceased to be the agent of the insured, if his employment was solely to procure the insurance."

The averments in the answer we are considering show nothing more than that the brokers were employed or solicited to procure a line of insurance for the appellee. Whether or not in doing that they were the agents of the insured or the insurer, must depend upon the actual relations which existed between the parties at the time, and not solely upon the stipulation in the policy. At all events, at the time the notice of cancellation was given, some five months after the policy was issued, no agency existed upon the facts stated in the answer authorizing the broker to accept a notice of cancellation.

Aside from the foregoing considerations, the answer falls far short of showing a compliance with the condition upon which a cancellation might be claimed. Notice to the insured and a refunding of the unearned premium were the prerequisites to a cancellation. That the insurance brokers, whether the agents of one party or the other, were directed to charge the insurer with the amount, was no compliance, no matter how much they were in its debt.

Other questions relating to the admissibility of certain evidence, as applicable to the issues as made, are discussed, but as necessarily the pleadings must be reformed before another trial is had, these questions may not arise again, and we forbear examining them.

It may be well to add that the question as to whether Mickel & Gardner were or were not the agents of the insurance company at the time the application for insurance was made, so that their knowledge of the condition and occupancy of the factory, which was the subject of insurance, is imputable to the company, must depend, not alone upon the stipulations in the policy, or whether they held a commission or not, but upon the actual relation which subsisted between the parties as it may be made to appear. It is not believed that the insurance company, by a stipulation in its policy, could appoint agents for the insured, if the facts showed that they were really its agents.

Upon the face of the policy, if nothing else appeared, it might well be claimed that the brokers were not the agents of the company at that time, as in *Grace* v. *American Central Ins. Co.*, *supra*; but the stipulation in the policy can hardly be conclusive on that subject.

For the error in overruling the demurrer to the complaint the judgment must be reversed, with directions to the court to sustain the demurrer, and give leave to amend the complaint.

Filed March 12, 1885.