Filed Oct. 12, 1893.

———————◆———————

No. 827.

## Howe v. The Provident Fund Society.

INSURANCE.—*Application for.*—*False Information.*—*Application Written by Company's Agent.*—*Attempt to Make Such Agent the Applicant's Agent for the Purpose of the Application.*—Where an application of insurance contains the provision: "I * * * also agree that said society shall not be bound by any statement made to, or knowledge possessed by, any agent or broker not written in this application, hereby appointing such person my agent to enter my answers to the following statements," the applicant is not estopped, by such statement, to show that the person who wrote the same was, in fact, the agent of the company and not his agent, and that the language ascribed to him was, in fact, not his, but that of the agent.

SAME.—*Agency.*—*Question of Law.*—*Admission.*—In such case, if the facts constituting the agency are in dispute, so as to leave the question in doubt as to whose agent he is, then an admission in the ap-

plication, such as above set out, may assist in solving the doubt, and bind the party making it; but when the facts are established, the law determines whether or not there is an agency, and no admission can change it.

SAME.—*Application.*—*False Information.*—*Estoppel.*—*Presumption.*—Where a person desiring insurance gives correct information, but the agent of the insurance company, either by fraud or mistake, in filling out the application, gives the company false information, the company is estopped to deny that it was in possession of the facts as they existed, the knowledge of the agent being the knowledge of the company. And it is not the duty of the applicant to see that the agent makes a correct report of his statements. He has a right to assume that the agent will do so.

SAME.—*Judicial Knowledge.*—*Agent.*—*Limitations of Authority.*—*Knowledge of.*—Courts judicially know that applications for insurance are usually made with agents in their capacity as representatives of the company, and if there are any restrictions on their powers as such, it is the duty of the company to bring the same to the knowledge of the applicant.

SAME.—*Application.*—*False Information.*—*When Neither Party can Profit by.*—Where, by mistake or fraud, the agent of an insurance company, in filling out an application, gives the company false information, the company can not profit by the mistake, neither can the applicant, by his negligence or inadvertence, be placed in a better position than he intended.

From the Bartholomew Circuit Court.

*J. W. Donaker,* for appellant.

*F. M. Finch* and *J. A. Finch,* for appellee.

REINHARD, J.—We take the following statement, which we find substantially accurate, from the brief of appellee's counsel:

This was an action brought by the appellant, against the appellee, upon a policy of accident insurance, to recover for eight weeks' disability, at the rate of twenty-five dollars ($25) per week. The questions to be discussed arise under the fifth and sixth paragraphs of answer, and the replies of appellant to the said paragraphs of answer.

The fifth paragraph of answer alleges that the appel-

lee is "a corporation of the State of New York, organized
for the purpose of collecting and accumulating a fund to
be held and used for the mutual benefit and protection of
its members (or their beneficiaries), the business of the
society being divided into life, sick benefits, and acci-
dent departments, its accident department being for the
purpose of furnishing to its members indemnity to
amount of actual loss suffered by them by reason of ac-
cidental injuries, within the terms of the certificate of
membership, and the application made therefor; that it
is purely mutual, and derives its funds to meet claims of
members solely by assessments made on members; that
applicants for membership are admitted upon written
applications for membership;    *    *    *    that said
James Howe, plaintiff, in said application for member-
ship, stated as follows:    'I hereby apply for member-
ship, to be based on the following statements of facts,
which I warrant to be true.'    And that said plaintiff
further stated in said application:    'My weekly income
exceeds the amount of weekly indemnity herein applied
for.'    Defendant says that the statement of said plaintiff
as to his weekly income was false and untrue, and a
breach of the warranty contained in the application and
policy, in this, to wit:    That whereas in the application
for membership in the defendant society, the plaintiff ap-
plied for membership in 'class A,' with weekly indem-
nity of twenty-five dollars per week, the weekly income
of plaintiff did not exceed fifteen dollars per week."

The sixth paragraph of answer alleged the same facts
as to the mutuality of the society, and further:    "That it is
provided in said application as follows:    'And I agree that
the benefits to which I shall be entitled shall be gov-
erned and paid in the same ratio that my weekly income
bears to the amount of weekly indemnity insured for.'
*    *    *    Defendant says that the weekly indemnity ap-

plied for by plaintiff, and insured to him by said policy, was twenty-five dollars ($25) per week; and that the weekly income of plaintiff at the time of his injury com-plained of was fifteen dollars ($15). Wherefore defend-ant says that if plaintiff be entitled to recover anything by reason of said alleged accidental injury, plaintiff is only entitled to recover, under the terms of said agree-ment, the sum of fifteen dollars ($15) per week, weekly indemnity, for the time he may have been disabled by reason of said alleged injuries.''

To the said- fifth and sixth paragraphs of answer, the appellant filed special replies, alleging that he had told the agent that his weekly income was but fifteen dollars per week, and that the agent, without his knowledge or consent, had inserted the false answer in the application, and that the application was wholly written and filled out by the agent of the appellee, and that he had no knowledge of any false answers in said application.

To these replies, a demurrer was filed, and sustained by the court. The appellant then withdrew his general denial, and judgment was rendered on the pleadings in favor of appellee.

The errors assigned for argument here, by the appel-lant, are:

*First.* The court erred in sustaining defendant's (appellee's) demurrer to plaintiff's second paragraph of reply to defendant's fifth paragraph of answer to plain-tiff's (appellant's) complaint.

*Second.* The court erred in sustaining defendant's demurrer to plaintiff's second paragraph of reply to de-fendant's sixth paragraph of answer to plaintiff's com-plaint.

The first question we are to decide, and which is in-volved in the ruling of the court upon the demurrers to the reply, relates to the alleged misrepresentation re-

specting the appellant's weekly income. The statement in the application concerning this is a warranty, and it is not controverted in appellant's brief that the averment contained in the fifth and sixth paragraphs of the answer upon this subject will work a forfeiture, unless they are overcome by the allegations in the reply.

The fifth paragraph of the answer makes the application an exhibit, and in it the following provision is contained:

"Inclosing fee of $5, I hereby apply for membership, to be based upon the following statements of facts, which I warrant to be true; and I agree to accept a certificate of membership, subject to all its conditions and provisions, and also agree that *said society shall not be bound by any statement made to, or knowledge possessed by, any agent or broker not written in this application, hereby appointing such person my agent to enter my answers to the following statements.*"

Is the appellant concluded by this statement in his application, so that he may not show that the person who wrote the same was in fact the agent of the company and not his agent, and that the language ascribed to him was in fact not his, but that of the agent? This question, we do not hesitate to say, must be answered in the negative. Whether the writer of the instrument is the agent of the applicant or of the company, must depend not solely upon the stipulation of the parties, either in the application, or in the policy, or in both, but upon the facts and circumstances surrounding the transaction and disclosing the actual relations the parties sustained to each other when the application was made. The mere fact that the representative of an insurance company writes in an application the words, "this man is my agent," and causes the applicant to sign the same without disclosing to him the contents of such ap-

plication, does not necessarily constitute him the appli-
cant's agent, if he be not such in fact. It is, at most,
but an admission, and admissions are never conclusive.
If the facts constituting the agency are in dispute, so as
to leave the question as to whose agent he is in doubt,
then an admission may serve to assist in solving the
doubt and bind the party making it. But when the
facts are established, the law determines whether or not
there is an agency, and no admission can change it. If
A. says he stole B.'s horse, but the facts show that he
did not steal it, the admission does not make him a thief
in the eyes of the law. The stipulation is but an attempt
to evade the law of agency, and can not be given a con-
trolling force when it is shown that, in fact, there was
no such agency. *Indiana Ins. Co.* v. *Hartwell*, 100 Ind.
566; *North British, etc., Ins. Co.* v. *Crutchfield*, 108 Ind.
518; *Phenix Ins. Co.* v. *Allen,* 109 Ind. 273; *Commercial
Union Assurance Co.* v. *State, ex rel.,* 113 Ind. 331; *Geiss*
v. *Franklin Ins. Co.,* 123 Ind. 172; *Phenix Ins. Co.* v.
*Golden,* 121 Ind. 524; *Rogers* v. *Phenix Ins. Co.,* 121
Ind. 570; *Phœnix Ins. Co.* v. *Stark,* 120 Ind. 444; *Phe-
nix Ins. Co.* v. *Pickel,* 119 Ind. 155; *Pickel* v. *Phenix
Ins. Co.,* 119 Ind. 291; *Germania Life Ins. Co.* v. *Lun-
kenheimer,* 127 Ind. 536.

Counsel for appellee contend, however, that the rule
is different where the stipulation restricting the scope of
the agency is contained in the application instead of in
the policy, and cite some cases, in other jurisdictions
than our own, strongly supporting their position. But in
the case last above cited, the doctrine under consideration
was applied, where the clause limiting the agency was
contained in the application itself, and it was there held
to be void. In that case, the language of the provision
was that "each of which statements and answers, whether

written by his own hand or not, every person whose name is hereto subscribed adopts as his or her own."

There is no substantial difference in the stipulation just quoted and that contained in the application in the case in hand.   Here the applicant agrees that the society shall not be bound by any statement made to its agent which is not written in the application, and that the person writing such application shall, for that purpose, be the agent of the applicant.   In the case cited the applicant adopts all statements and answers in the application, whether written by himself or the person soliciting the insurance, as his own.

It seems to us that in each instance precisely the same result is aimed at, viz., that the applicant shall be bound by the written answers, and shall not be permitted to assert that they do not contain the truth.   In either case it is an attempt to make the applicant responsible for the acts of the company's agent, in case the latter himself should undertake to fill out the blanks in the application.   In the case cited, it is expressly held that this can not be done. The statements, in either case, are those of the company, and not of the applicant.   The latter, as is admitted by the demurrer to the answer, responded accurately and truthfully to the questions asked him, but the answers were falsified by the person whom the company had entrusted to solicit the application.

The doctrine here enunciated is based upon the principle of equitable estoppel.   The company sends its representative to one desiring insurance.   The agent is required, by his principal, to gain certain information concerning the risk.   The person desiring insurance gives the information correctly, but the trusted servant of the company, either by fraud or mistake, gives the company false information.   The agent had knowledge

of the facts as they existed. This being so, the company also had such knowledge, and it is estopped to deny it.

In this respect, an application for insurance is easily distinguished from an ordinary contract in writing, and the rule that such contract can not be varied by a contemporaneous one in parol does not apply. The principle underlying this distinction is that the writing is not the act of the party whose name is signed to it; "that it was procured under such circumstances by the other side as estops that side from using it or relying on its contents; not that it may be contradicted by oral testimony, but that it may be shown by such testimony that it can not be lawfully used against the party whose name is signed to it." May on Insurance, section 144, and authorities cited.

It was not the duty of the applicant to see that the company's accredited agent would make a correct report of his statements. He had a right to assume that such trusted agent would do this. He had sufficiently imparted to the company the correct information as to the risk, by imparting it to its agent, and if the latter failed to communicate the knowledge to the company, it alone must suffer. *Indiana Ins. Co.* v. *Hartwell, supra.* See, also, Herman on Estoppel, section 1198, *et seq.*, and cases cited.

This court fully recognized the doctrine of equitable estoppel in *Phenix Ins. Co.* v. *Lorenz*, 7 Ind. App. 266, 33 N. E. Rep. 444, and 34 N. E. Rep. 495. In that case the court went so far as to hold the company estopped by the agent's knowledge of an intention, on the part of the assured, to place future incumbrances upon the insured property—a view in which the writer of this opinion was not able to concur, as, in his judgment, the doctrine of estoppel could not be invoked in respect to

information of future occurrences, but was applicable only to knowledge of existing facts. See, also, *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106, 32 N. E. Rep. 319.

The appellee further contends, however, that as there is no averment in the reply that the appellant did not know that the clause in question was contained in the application when he signed it, he has given no reason why he should not be bound by it. We do not think such an averment was necessary. The reply does contain the averment that the appellant gave the company's agent correct and truthful answers to all questions asked; that the application was wholly prepared by such agent, and all the statements and answers were written by the latter, and that such agent informed appellant that the application had been made out by him as agent of 'the company and as required by the latter, and that all questions had been properly answered. Under these circumstances, we do not think it devolved upon the appellant to show affirmatively that he had no knowledge of the clause in the application making him responsible for the acts of the agent. The courts judicially know that applications for insurance are usually made with agents in their capacity as representatives of the company, and if there are any restrictions or limitations on their powers as such, it is the duty of the company to bring the same to the knowledge of the applicant. See *Commercial Union Ins. Co.* v. *State, ex rel., supra.*

In the language of the Supreme Court of the United States: "The powers of the agent are, *prima facie*, coextensive with the business entrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals." *Insurance Co.* v. *Wilkinson*, 13 Wall. 222; *Insurance Co.* v. *Mahone*, 21 Wall. 152; *Eames* v. *Home Ins. Co.*, 94 U. S. 621.

The courts of Massachusetts and some other States, it

is true, hold to the opposite view on this question, but this court is bound to follow the decisions of our own Supreme Court, and we believe the conclusion here reached to be fully in harmony with the cases decided by that tribunal.

Nor can we yield to the appellee's contention that a different rule should be applied because the appellant was dealing with a mutual company operating under the assessment plan. Nothing is shown in the pleadings by which it is made to appear that the by-laws of the company contained any provision upon the subject in controversy. But even if it had been averred that there was such a provision in the by-laws, the appellant was not bound to take notice of it when he made his application, because he was not a member of the company at that time, becoming such only after the policy had been delivered to and accepted by him. May on Insurance, section 552, and notes.

The conclusion reached renders it necessary to reverse the judgment for the error of sustaining the demurrer to the second paragraph of the reply to the fifth paragraph of the answer. But we are to consider, also, the ruling of the court upon the demurrer to the second paragraph of the reply to the sixth paragraph of the answer. The paragraph of answer just named contains, in substance, all the averments of the fifth paragraph, with the additional averment that the application signed by appellant contained the stipulation following, viz.: "And I agree that the benefits to which I shall be entitled shall be governed and paid in the same ratio that my weekly income bears to the amount of weekly indemnity insured for."

This reply contains substantially the same averments as the second paragraph of the reply to the fifth paragraph of the answer, upon which we have already ruled,

together with the additional allegation that the appellant was ignorant of the above named provision in the application.    The sixth paragraph of answer seeks to limit the appellant's recovery to the amount of fifteen dollars per week instead of twenty-five dollars, as provided in the policy.    We are of the opinion that the reply under consideration was insufficient as an avoidance of the matters set up in this paragraph of the answer.    The clause referred to in the application was contractual in its nature, and not a mere matter of information to the company as in the case of the answers to the questions propounded.    It is a part of the contract of insurance, and limits the amount of recovery to the actual loss of services.    The entire policy proceeds upon the theory of indemnity.    In fact, the appellant admits that he only contracted for indemnity to the amount of fifteen dollars per week, when he concedes that he informed the agent that his weekly income was but that amount.    The company, it is true, can not be permitted to profit by the agent's mistake, but neither can the appellant be allowed to profit by his own negligence, and obtain a greater amount of insurance than he now insists he contracted for.    Equity will not suffer the appellant to thus profit by his inadvertence, or even by mistake of the company, and place him in a better position than that in which he himself intended to be placed. The answer does not profess to cover the entire complaint, and is good as a bar to a portion of the amount sued for.

The mere fact that he paid a higher premium than the company was entitled to collect, will not give him the right to recover the full amount of the face of the policy. Possibly he might be entitled to recover the excessive premium in another action, but as to this we give no opinion.    We think there was no error in sustaining the demurrer to the reply under consideration.

Judgment reversed, with directions to the court below to overrule the demurrer to the second paragraph of the reply to the fifth paragraph of the answer.

