## Harry W. Kinney, Appellant, v. Caledonian Insurance Company, Appellee.

### Gen. No. 14,444.

This case is controlled by the decision in Kinney v. Rochester German Ins. Co., 141 Ill. App. 543.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1908. Reversed and judgment here. Opinion filed May 3, 1909.

MORRIS ST. P. THOMAS, for appellant.

BATES, HARDING & ATKINS, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

The controlling questions in this cause were all decided by this court in the similar suit of Kinney v. The Rochester German Insurance Company, disposed of here on appeal June 11, 1908. (141 Ill. App. 543.)

That suit and this one were on policies of insurance issued at the same time on the same application through the same agents and on the same property. The claim is made on the same fire loss.

There was the same *prima facie* case for the plaintiff made by evidence and stipulation (except as to the amount due if the defendant was liable at all), and although the pleadings were different in that they were special in the case at bar, while only the general issue was pleaded by the defendant in the Rochester German Insurance Company case, the same defenses were made to the respective policies and with the same result in the Municipal Court. Those defenses were cancellation of the policy under its terms by written notice to the assured, making it expire on October 24, 1906, the day before the fire occurred, and that the policy was void from the beginning because there were

misrepresentations and concealments made by the assured's agent at the time of the application. The policies in the respective suits each contained the clause quoted in Kinney v. Rochester German Insurance Company (*supra*) avoiding the policy if the assured had concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof, and under this clause it is claimed, as it was in the Rochester German Co. case, that the policy was void when issued, inasmuch as some person represented to the agent of the defendant from whom the policy was procured, at the time it was procured, that the property was occupied as a scale factory only, and concealed from him the fact that it had in it also a candy factory.

Both cases were heard without a jury, but by different trial judges.

In the present case some rulings made in the Rochester German Company case on the admission of evidence, which we deemed erroneous, were not made, but on the essential matters, on which the decision of that case turned, the view of the trial judge below in the present case was identical with that of the trial judge in the Rochester German Company case, which at the time of the trial of the case at bar had not been decided in this court. They both apparently held that the cancellation had not been effected as claimed by the defendant. This is shown in the present case, as in the former, by one of the propositions of law marked "held" by the court. It is not necessary to pass on the proposition insisted on by the appellant, that in the absence of an assignment of cross-errors, the appellee is foreclosed from questioning this holding of the trial court, because, for the reasons which we have set forth in the opinion in Kinney v. Rochester German Insurance Co. (*supra*), we agree with the judge of the Municipal Court, that the attempted cancellation never became effective. The attempt was identical for the two policies, as will be seen by reference

to the recital of facts in the opinion in the Rochester German Insurance Company case.

But both judges in the Municipal Court held that the policies had been procured through concealment and misrepresentation, in that the partial occupancy of the premises insured by a candy factory had been withheld from the knowledge of the insurer's agents, and in that one Alexander M. Ross, or some other employe of Cummings & Co., the brokers who procured the insurance for the plaintiff, at the time of securing the same had stated to one Sweetland, who represented the insurers, that the building was occupied as a scale factory, while as a matter of fact there were both a scale factory and a candy factory in it.

On this matter there was some variation in the testimony of Mr. Sweetland as given at the two trials. He was testifying in the case at bar as to the same transaction and to the same conversation which he had testified to in the case against the Rochester German Insurance Company. In the latter case, however, he swore that there was a written application made by the representative of Cummings & Co., who asked for the insurance, and that it must have been destroyed; in the case at bar he swore that there was no such written application, basing his statement, he says, on the fact "that after the trial" (of the Rochester German Company case) he "went through all his records," and "went through everything" he "could think of and refreshed his memory to the extent that he found the application was the forms brought in." The "forms" he referred to were slips which located and described the building, but without stating the occupancy thereof, while a written application would have contained all the details of information concerning occupancy that the Insurance Company could need. The opinion in Kinney v. Rochester German Insurance Company (*supra*) alludes to the "written application" and to the acknowledgment that it had been destroyed, and, to the slight extent that the inferences drawn from the record in that case depended on that acknowl-

edgment, they fail in the present suit. But we deem this of slight importance and more than counterbalanced by the doubt which even in the absence of other considerations is thrown on the accuracy of Mr. Sweetland's recollection and testimony by the discrepancy, which is but imperfectly explained.

In other respects we do not see but that the recital of facts and the inference drawn by this court from them in the Rochester German Company case on the question of the alleged concealment and misrepresentation are equally applicable to the case at bar. They need not, therefore, be repeated. We refer to the opinion in that case as furnishing reasons for our decision in this.

The question concerning the identity of the representative of Cummings & Company who called for the insurance, is not, we think, after careful comparison, so different as to make our reasoning in the former case of less force in this.

The admission of the "rate slips" 563 and 611 in this case make the case shown by the record even stronger against the companies than in the Rochester German Company case.

We feel constrained in this case, as we did in that, to reverse the judgment appealed from and to render the judgment here which the Municipal Court sitting without a jury should, in our opinion, have entered; that is, a judgment in favor of appellant and against appellee for $997.50, with interest thereon at five per cent per annum from February 18, 1907, to the date of entry.

*Reversed and judgment here.*