GENERAL EXCHANGE INSURANCE CORPORATION *v.* COFFELT.

4-4227

Opinion delivered March 23, 1936.

*Ernest Briner, Barber & Henry* and *Troy W. Lewis,* for appellant.

*Wm. J. Kirby,* for appellee.

JOHNSON, C. J. This action was instituted by appellee, K. Coffelt, against appellant, General Exchange Insurance Corporation, in the Saline County Circuit Court, for damages to an automobile alleged to have been cov-

ered by an indemnity contract of insurance. The defense interposed to the complaint was that the contract of indemnity had been canceled prior to the accident and consequent damages to the automobile. A jury trial being waived by the parties, testimony was adduced to the following effect: On September 17, 1934, appellant issued to appellee its policy of insurance, by the terms of which appellee's Chevrolet automobile was insured against accident and consequent damages for one year, and the premium was paid in cash. The policy contained the following clause in reference to cancellation: "The policy shall be canceled at any time at the request of the assured, in which case this company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rate premium for the expired term. This policy may be canceled at any time by this company by giving to the assured five (5) days' written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the expired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium, if not tendered, will be refunded on demand. Notice of cancellation mailed to the address of the assured stated in this policy shall be a sufficient notice. Where a special provision for cancellation is required by statutory enactment in the State where this policy is issued, the conditions of this cancellation clause are amended to conform thereto."

On March 27, 1935, appellant notified appellee that as of April 2, 1935, said contract of insurance would be canceled and that the premium for the unexpired term of the policy would be refunded on demand. This cancellation notice was received by appellee at Benton, Arkansas, on March 28, 1935, and on this date appellee demanded the return of the premium for the unexpired term of the contract. This demand for the return of premium was received by appellant April 1, 1935, but the refund was not effected until April 8, 1935, at which time a check was mailed at Memphis, Tennessee, and was received by appellee at Benton on April 9, 1935. In the meantime, on April 5, 1935, appellee's automobile was

damaged in an accident to the extent of $252.25. Appellee refused to accept the refund of premium, and demanded payment for the damages to his automobile.

The trial court found under the recited facts that the policy of insurance was in force on April 5, 1935, the date of the accident, and rendered judgment accordingly, from which this appeal comes.

The general rule is that contracts of insurance may be canceled by the insurer only on compliance with the provisions of the policy relating thereto, and then only by refunding the unearned premium. 32 C. J., § 440, p. 1252; 6 Couch on Insurance, pp. 5104-5107. The rule thus stated has met the approval of this court in many cases. *Southern Ins. Co.* v. *Williams,* 62 Ark. 382, 35 S. W. 1101. It is also true that the refund of the unearned premium may be waived by the insured voluntarily surrendering the policy for cancellation. Cooley's Briefs on Ins., Vol. 5, pp. 4604-4615. Or the return of the premium as a condition precedent to cancellation may be waived by the insured. 14 R. C. L., p. 1012.

With these fundamental rules in view, we proceed to an analysis of the cancellation clause of the policy under consideration. The language employed by the parties is plain and unambiguous, and no resort to construction is necessary. It expressly states that cancellation of the policy may be effected with or without return of unearned premium, but it is expressly conditioned that the refund must be made upon demand.

If the five days' notice of cancellation includes a promise to refund on demand, and no demand for refund be made during this period, the cancellation becomes effective. But, if the insured demands a return of the unearned premium during the five days' period provided for cancellation, and such refund be refused by the insurer, then the cancellation of the policy is automatically deferred until the unearned premium is refunded; and if loss or injury occur during this period of delay, a recovery may be allowed. This is the effect of the opinion of the Supreme Court of Michigan in *Molyneaux, et al.,* v. *Royal Exchange,* 235 Mich. 678, 209 N. W. 803, wherein

a cancellation clause in a policy not materially different from the one under consideration was construed.

The undisputed testimony in the instant case is that appellee demanded the return of the unearned premium four days before the lapse of the five days' cancellation period, and that this demand was received by appellant on April 1, at least one day before the five-day period expired, but appellant delayed the refund until April 5, when it claims to have written a check for the refund, but this check was not mailed by it until April 8, long subsequent to the accident to the insured car. By delay in effecting the return of the unearned premium to appellee by appellant, the policy was not canceled on April 2, but continued in force until after April 5, the date of the accident.

Waiver and estoppel have no place in this lawsuit. Appellee made immediate demand for return of his unearned premium, and by no word or act intimated that he would forego strict compliance.

The circuit court's judgment conforming to the views here expressed must be affirmed.