**TRADERS & GENERAL INSURANCE COMPANY, a corporation, Appellant,**

v.

**Martha CHAMP, Helen Claassen, Frank Dueck, Gerry Dueck, Frederick Dueck, William Dueck and Margaret Dyck, Appellees.**

No. 14191.

United States Court of Appeals Ninth Circuit.

Oct. 27, 1955.

W. P. Smith, Jr., Los Angeles, Cal., for appellant.

Joseph C. Smith, Jean Wunderlich, Los Angeles, Cal., Champion & Quinn, Paso Robles, Cal., for appellees.

Before POPE, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

Upon petition for rehearing appellant asserts that this court's decision amounts to a "striking from the provision concerning cancellation the clause that a notice may be sent to the address given in the policy", and that we have substituted "a provision that the notice of cancellation shall not be effective until it has been received." Proceeding upon this premise appellant says: "Contracting parties have a right to enter into any

kind of contract they may agree upon, so long as the contract does not contravene some statute or law of the land or public policy."

 Appellant misreads what we have said. Our opinion has no reference to the ordinary case where the insurer has no notice of a change of address, or that the mailed notice will be unlikely to reach the insured. We dealt only with the facts of this particular case. The opinion explains why we are of the opinion that the insurer was informed of the change of address. And the question is, whether the California law permits the company to say that in this special case, it may cancel the policy by acts which will in fact not give the notice which the policy contemplates. The policy calls for notice. Granted that in the ordinary case the parties may agree that a mailing which is most likely to reach the insured will be sufficient notice, yet the situation is different if it be insisted that although notice is required, notice which will be no notice at all shall nevertheless be called notice. It could as well be provided that a mere entry on the company's books would be deemed notice. To say that what is not notice shall nevertheless be notice is repugnant to the clause requiring notice.

Insurance companies should know that not everything they write into their policies can be given effect. An illustration of the kind of provision which must be disregarded because repugnant to the purposes of the policy as a whole is found in Eagle Indemnity Co. v. Industrial Acc. Comm., 92 Cal.App.2d 222, 227–229, 206 P.2d 877, 880, cited with approval in Truck Ins. Exchange v. Industrial Accident Commission, 36 Cal.2d 646, 226 P.2d 583, 586. Efforts to affirm what is palpably untrue must fail, as in the cases where the policy provides that an agent of the insurance company is the agent of the insured. Lumbermen's Mut. Ins. Co. v. Bell, 166 Ill. 400, 45 N.E. 130; Robinson v. United States Ben. Soc., 132 Mich. 695, 94 N.W. 211; Howe v. Provident Fund Soc., 7 Ind.App. 586, 34 N.E. 830. The effort

here to affirm that in the special facts of this case, the required notice to the insured will be regarded as adequate, though it is known it will be inadequate, must likewise fail.

The petition for rehearing is denied.