Opinion delivered January 27, 1964.
[Rehearing denied March 2, 1964.]

*Wood, Chesnutt & Smith; Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Wootton, Land & Matthews,* for appellee.

FRANK HOLT, Associate Justice. The question presented in this case is whether the appellant effectively canceled the automobile insurance policy issued by it to the appellees. In a declaratory judgment proceeding the trial court, sitting as a jury, resolved the issue in favor of the appellees. The judgment recited, in pertinent part:

"That the attempted cancellation of the aforesaid policy by the defendant, Riverside Insurance Co. of America, on or about the 15th day of May, 1961, was not effective for the reason that the defendant did not tender to the plaintiffs the unearned or unused portion of the premium of $250.70 paid by the plaintiffs to the defendant as aforesaid and covering the period of time from November 11, 1960 to November 11, 1961, and that

up to the time of this decision [March 19, 1963] no tender has been made by the defendant, Riverside Insurance Co. of America to the plaintiffs of such unearned portion of the premium paid;   *   *   * and that the plaintiffs are not bound by any transactions had by the defendant and the said Gordon Reader, d/b/a Reader's Insurance Agency, as to the return of the unused portion of the premium;".

On appeal appellant urges for reversal that "failure to tender return premium did not render ineffective cancellation as of May 25, 1961, and appellant insurance company had no insurance in force on August 20, 1961."

The essential facts in this case appear to be undisputed. Through the Reader Insurance Agency, the appellees purchased an automobile insurance policy from appellant, Riverside Insurance Company of America, on November 11, 1960 and paid in full the annual premium of $250.70. The relevant part of the cancellation clause of this contract of insurance provides:

"*   *   * If the Company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

The appellees received a notice of cancellation dated May 15, 1961, advising that their insurance policy was canceled effective May 25, 1961. The cancellation notice reads, *inter alia*:

"If the premium has been paid, the excess of paid premium above the pro rata premium for the expired term, if not tendered to you herein, shall be made as soon as practicable after cancellation becomes effective, or upon demand."

Upon receipt of this notice of cancellation Mr. Parker called Mr. Reader, who had handled his insurance for about ten years, and was advised by him "forget about it, you are covered". Unknown to appellees, Reader

later issued an office credit memo in their favor, intending to replace appellees' insurance business with another company but through inadvertence did not do so. As advised by Reader, appellees forgot about the cancellation notice assuming continued coverage. They had no further knowledge of the status of their coverage by appellant until after August 20, 1961 when their automobile was involved in an accident resulting in appellees' claim of coverage and this action.

The initial premium from Reader to appellant and the unused return premium of $116.83 were both handled in Reader's monthly "account current" with appellant. The "account current" or the debits and credits of Reader's agency were adjusted at the end of each month. Therefore, in accordance with this bookkeeping procedure, it was not until the end of May that appellant credited Reader's account with a total of $410.84 which included appellees' unused premium of $116.83. It is undisputed that no money representing the return premium has ever been tendered or refunded to appellees.

It is appellant's contention that under the language of the contract the payment or tender of appellees' unearned premium is not a condition precedent to an effective cancellation of the insurance contract. In *Merrimack Mutual Fire Insurance Co.,* v. *Scott,* 219 Ark. 159, 240 S. W. 2d 666, we held that the purpose of a notice of cancellation is to enable the insured to secure other coverage and, therefore, strict compliance with the cancellation provisions of a policy is a prerequisite to the assertion of the right of cancellation.

It is true that the cancellation clause of the contract in the case at bar provides that payment or tender of an unearned premium is not a condition of cancellation. However, there is another provision which states that the "premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective". Further, the cancellation notice received by the insured appellees provides that any unused portion of the premium *"shall* be made as soon as practicable after cancellation be-

comes effectives". [Emphasis added] It was approximately three months from the time of receipt of this notice of cancellation until the accident from which arose this claim of coverage. Neither during this time nor since has there been a refund or a tender of the unused portion of appellees' premium. The phrase "as soon as practicable" in insurance contracts means a "reasonable time". *National Surety Corporation* v. *Diggs*, 272 S. W. 2d 604 (Texas 1954); *U. S. Insurance Co.*, v. *Brown*, 285 S. W. 2d 843 (Texas 1955); *Ellzey* v. *Hardware Mut. Ins. Co. of Minn.*, 40 So. 2d 24 (La. 1949). Under the facts in the case at bar we do not consider that appellant has complied with the provisions of its policy and its subsequent notice of cancellation. Certainly three months must be said to be more than a reasonable time for appellant to effect the plain and unambiguous provisions of its own policy and cancellation notice as to payment of the refund.

The appellant argues that upon appellees' receipt of the cancellation notice the cancellation became effective after ten days and thereafter a debtor-creditor relationship existed between appellant and appellees. We do not agree. Although the facts in *General Exchange Insurance Corp.*, v. *Coffelt*, 192 Ark. 468, 92 S. W. 2d 213, differ somewhat from the case at bar, we think the same principle was involved there as in the instant case. In that case the policy expressly provided that cancellation could be effected with or without a refund of the unearned premium. It also contained the provision that a refund must be made upon demand. A notice of cancellation was given and a demand for refund was made as provided in the policy. Before a refund was tendered an accident occurred upon which the insured appellee based his claim of coverage. We said that this delay of the refund rendered the cancellation ineffective because there was a promise to refund upon demand. There is, also, a promise in the instant case that a refund of the unearned premium must be made upon demand or it *"shall be made as soon as practicable* after cancellation becomes effective". [Emphasis added] We think that the failure to refund or make a tender of the unused

premium as soon as practicable or within a reasonable time, under the facts in the case at bar, resulted in the cancellation of the policy being ineffective. Therefore, since appellees' loss occurred during this period of delay they are entitled to a recovery.

Nor can it be said by appellant that crediting its agent by an adjustment of the running account between them at the end of the month was, in effect, payment to the insured. 29 Am. Jur., Insurance, § 396; *Kinney* v. *Caledonian Ins. Co.*, 148 Ill. App. 256; *Kinney* v. *Rochester German Ins. Co.*, 141 Ill. App. 543; *Indiana Ins. Co.* v. *Hartwell*, 100 Ind. 566.

Furthermore, we think the appellees were lulled into a false sense of security by appellant's agent assuring them of continued coverage in spite of appellant's cancellation notice. Appellees relied upon this assurance to their detriment. This, coupled with the fact that appellees have never received a return of their unearned premium from any source, estops the appellant from now contending the policy was canceled. See *U. S. Insurance Co.*, v. *Brown, supra*. We think the following language in that case is applicable:

"* * * where appellant did not tender the unearned premium to Johnson at the time of the alleged cancellation, or 'as soon as practicable' thereafter, or at any time, * * * appellant is also estopped to contend that the policy in question was cancelled."

In the case at bar the appellees paid the insurance premium for the entire term of the policy. This premium was accepted by the appellant and the unused portion was never refunded nor a tender thereof made to the insured appellees. Instead, the unused portion of appellees' premium was used in a bookkeeping transaction in the adjustment of accounts between appellant and its soliciting agent after appellant had given notice of cancellation to appellees promising a refund "as soon as practicable". The appellees were unaware of such a bookkeeping transaction. Although the payment or tender of the unearned premium is said not to be a condition of cancellation, there is the unconditional promise

by appellant that such refund shall be made as soon as practicable after cancellation becomes effective. Such provisions must be strictly construed and strictly performed. To permit appellees to thus have the benefits and at the same time repudiate the burden of its own agreement would not be in harmony with the fundamental principles of justice.

Appellees request that we award an attorney's fee for their services on this appeal. We think a fee of $150.00 is reasonable and it is so ordered.

Affirmed.

WARD and GEORGE ROSE SMITH, JJ., dissent.

PAUL WARD, Associate Justice (dissenting). I dissent because, in my view, the policy was cancelled when appellees received the notice of cancellation on May 15, 1961. The fact that Riverside did not "as soon as practicable" pay appellees the unearned premium in no way affected the cancellation, but only created the relationship of debtor and creditor between Riverside and appellees. My authority for the above statement is that portion of the policy which says: "payment or tender of unearned premium is not a condition of cancellation".

GEORGE ROSE SMITH, J., joins in this dissent.