618

MANDY OSBORNE, JOHN CLARK OSBORNE, and SARAH FRANCES COLE, Complainants-Appellants, v. ATLAS ASSURANCE COMPANY, LIMITED and ROBINSON, PRICE & LEWIS, INC., Defendants-Appellees.—457 S.W.2d 364.

Western Section. September 12, 1969.

Certiorari Denied by Supreme Court December 15, 1969.

Pierce Winningham, Jr., Jackson, for complainants-appellants.

Hewitt P. Tomlin, Jr., Waldrop, Hall & Tomlin, Murchison & Murchison, Jackson, for defendants-appellees.

CARNEY, P. J. (W.S.). The complainants below, Mandy Osborne, John Clark Osborne, and Sarah Frances Cole, have appealed from a decree of the Chancery Court of Madison County dismissing their bill seeking a recovery under a standard policy of automobile liability insurance issued to Mandy Osborne by the defendant, Atlas Assurance Company, Ltd., through its local agency, Robinson, Price & Lewis, Inc., also a defendant-appellee.

On February 22, 1968, Sarah Frances Cole recovered a judgment against Mandy Osborne and her husband, John Clark Osborne, for $28,000 in the Circuit Court for personal injuries arising out of an automobile collision which occurred on July 7, 1967. Mandy Osborne's automobile, driven by her husband, John Osborne, was involved in a collision with one or more other automobiles. Mandy Osborne and the appellant, Sarah Frances Cole,

were riding in the automobile with John Osborne as passengers.

The defendant, Atlas Assurance Company, Ltd., refused to make a defense for Mandy Osborne and her husband, John Clark Osborne, in the suit brought against them by Sarah Frances Cole. The defendant insurance company contended that the automobile liability policy in question was canceled effective May 22, 1967, before the accident happened on July 7, 1967.

Demand was made by complainants upon the insurance company to pay the $28,000 judgment of Sarah Frances Cole to the extent of the $10,000 coverage afforded by the policy. The company refused to pay. Suit was brought by Mandy Osborne, John Clark Osborne, and Sara Frances Cole as joint complainants to recover either the $10,000 base amount of the policy or in the alternative the total amount of the judgment. Complainants alleged bad faith on the part of the insurance company in failing to investigate the automobile collision and in failing to pay any portion of the judgment.

Mandy Osborne was employed at Milan Arsenal in Gibson County, Tennessee, and she regularly commuted by automobile from her home in Jackson, Tennessee, to the arsenal each day. It was necessary that her automobile be covered by liability insurance for her to enter the grounds of the arsenal. On March 20, 1967, Mandy Osborne was issued the policy in question which provided for public liability coverage to the extent of $10,000 for personal injuries to any person sustained as a result of the negligent operation of the insured automobile by the insured or another who was operating the automobile with her permission.

The premium charged for said policy of insurance for the year was $63.00 and it was agreed between insured and the defendant, Robinson, Price & Lewis, Inc. Agency in Jackson, Tennessee, that the premium could be paid in installments. Mandy Osborne paid $10.00 at the time of the issuance of the policy; she paid $15.00 on April 7, 1967, and $10.00 on April 29, 1967, making a total of $35.00 paid by her toward the annual premium.

Sometime between May 9, 1967, and May 15, 1967, the insured, Mandy Osborne, received from the defendant company a written notice of cancellation bearing date May 9, 1967, notifying her that the policy was canceled effective May 22, 1967.

The cancellation provisions of the policy are as follows:

"Cancelation: This policy may be canceled by the insured named in Item 1 of the declarations by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations of the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hours of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing.

If such insured cancels, earned premium shall be computed in accordance with the customary short rate

table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation.''

The refund premium of $24.00 was not paid to the insured, Mandy Osborne, until September, 1967, when the defendant, Robinson, Price & Lewis, Inc., mailed her a check dated September 15, 1967. This was after Sarah Frances Cole had brought suit in the Circuit Court of Madison County on September 5, 1967. Mandy Osborne did not cash the $24.00 check and it was made an exhibit at the trial.

In their original bill the complainants averred that after receiving the notice of cancellation Mandy Osborne went immediately to Robinson, Price & Lewis, Inc. for information; that she was told that the company had received information that her husband, John Clark Osborne, had received a traffic ticket for running a stop sign while he was driving the insured automobile. The bill averred that Mandy explained to the agent, Mr. Lewis, that her husband was not driving the insured automobile but another car at the time; and that thereupon Mr. Lewis assured her that the cancellation of the policy would be nullified and set aside so that her insurance coverage under the policy would continue in full force and effect; and that upon such assurance complainant Mandy Osborne made an additional payment of $10.00 on the premium.

His Honor the Chancellor found that the complainants had not carried the burden of proof of the fourth pay-

ment of $10.00 on the annual premium after receipt of notice of cancellation by Mandy Osborne. The appellants do not insist that the evidence preponderates against such finding in this court.

The defendants testified that failure to refund the unearned premium of $24.00 until September, 1967, was the result of a bookkeeping procedure under which the company did not make refunds directly to the policy-holders but made refunds through its local agents; and that the delay was due entirely to such accounting practices on the part both of the company and the defendant agency.

The Chancellor found the delay of 120 days in making refund of the unearned premium to be unreasonable but that such unreasonable delay did not render the attempted cancellation of the policy nugatory. From his opinion we quote as follows:

"The pertinent portion of the contract of insurance is as follows:

'Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.'

The Court after carefully examining the proof is of the opinion that the retention of the unearned premium for the period set out above was unreasonable; and, further, after carefully considering the authorities is of the opinion that retention of the premium for an unreasonable time is immaterial to the issues drawn by the pleadings in this cause.

The retention of unearned premium for a period of 120 days or more where policy of insurance is canceled by Company and there is no proof of unusual complications or complexities making it difficult to compute the amount of refund is an unreasonable period of time. Agreements between insurance companies and their agents as to bookkeeping matters between themselves do not, and should not, have any bearing on the matter. They may not by contract between themselves establish acounting procedures which result in withholding refunds from those entitled to them for unreasonable periods of time and then use these very procedures as justification. Under the circumstances of this case a reasonable time means *promptly* or *speedily*. The agent knew the policy holder had little money as the premium was being paid in small installments. Justice and fair play require action.

As previously stated, though the agent was derelict in failing to refund the unearned premium within a reasonable time, the Court is of the opinion that the very wording of the policy provision relied upon by complainant renders impotent complainant's contention that refund of unearned premium within a reasonable time is a condition subsequent to effective cancellation.

Mr. Long in his treatise on Liability Insurance in discussing the identical wording of the provision relied upon by complainant states as follows:

'The meaning of this provision is plain and obvious, and it should be treated literally. The duty to refund unearned premium springs into being when cancellation is effected. The return of the unearned

premium is a consequence but not a condition precedent or subsequent to effective cancellation.' Long, The Law of Liability Insurance, Vol. II, Sec. 15.14.

The Court is of the opinion that the above quotation is a proper statement of the law and is applicable and controlling with respect to complainants contention.

The bill will be dismissed as to all defendants with costs taxed against complainants.''

Neither the defendant insurance company nor the local agency has appealed from the finding of the Chancellor that the delay of 120 days in making refund of the unearned premium was unreasonable.

■ Complainants' assignment of error No. I that the Chancellor erred in holding incompetent and inadmissible as to the appellee, Atlas Assurance Company, the testimony of witnesses relating to the issue of what is a reasonable time for the refund of unearned premiums has become moot and will not be further noticed because His Honor the Chancellor did consider such evidence both as against the defendant agency and the appellee, Atlas Assurance Company.

■ Assignments of error II, III, IV, and V all present the one question of whether or not His Honor the Chancellor was correct in holding that the failure of the defendant insurance company and/or its local agent in refunding the unearned premium within a reasonable time after cancellation did not vitiate the cancellation or reinstate the policy.

Solicitor for the complainants-appellants, as is his custom, made a very cogent, forceful, and persuasive argument in behalf of his clients. This Court, as was the

Chancellor, is very much impressed with the argument that the insurance company was under a moral obligation to refund the unearned premium almost contemporaneously with the notice of cancellation because the complainant, Mandy Osborne, apparently is a person of very limited means and she needed the unearned premium in order to procure liability insurance somewhere else and thus keep her employment at Milan Arsenal. The Legislature might well consider requiring such refund as a condition precedent to cancellation.

Unfortunately for the appellants the overwhelming authority throughout the United States is against the insistence of the appellants and supports the decision of His Honor the Chancellor. Among the authorities cited by solicitors for appellees are:

Jensen v. Traders & General Ins. Co., 52 Cal.2d 786, 345 P.2d 1;

Westmoreland v. General Accident Fire & Life Assur. Corp., 144 Conn. 265, 129, A. 623;

Scapes v. Orr, 2 Ill.App.2d 363, 119 N.E.2d 479;

American Fire & Casualty Co. v. Combs (Ky.App.), 273 S.W.2d 37;

Ireland v. Manufacturers & Merchants Indem. Co. (Mo.App.), 298 S.W.2d 529;

Marchessault v. National Grange Mut. Liability Co. (C.A. 2d Vt.), 229 F.2d 698;

F & H Catering Service, Inc. v. United States Fidelity & Guaranty Co., 249 La. 667, 190 So.2d 91;

McGarrah v. Stockton, Mo.App., 425 S.W.2d 223.

From Blashfield on Automobile Law and Practice, 3rd Edition, Vol. 7, page 285, we quote as follows:

"In the absence of statute providing otherwise, the parties may contract that a cancellation may be effected without tender or return of the unearned premium. Thus a provision that a premium adjustment may be made at the time cancellation is effected, and, if not then made, shall be made as soon as practicable after cancellation becomes effective, is not ambiguous, and cancellation is effective if refund of the premium is subsequently made within a reasonable time.

"A refund or tender of the unearned premium is not a condition precedent to cancellation of a policy containing such a provision, or one for the return of the unearned premium on demand, nor is payment of the refund a condition subsequent, breach of which will result in a reinstatement of the policy. This is clearly the case where the policy expressly provides that a refund or a tender of the unearned premium shall not be a condition of cancellation."

The two authorities principally relied upon by the solicitor for appellant are Riverside Insurance Co. v. Parker (1964), 237 Ark. 594, 375 S.W.2d 225, and Wallace v. State Farm Mutual Automobile Insurance Co. (1949), 187 Tenn. 692, 216 S.W.2d 697.

In the Riverside case the provisions of the policy relating to cancellation by the company and return of premium were identical to the provisions of the policy issued to Mandy Osborne in the present case. On May 15, 1961, Parker and wife received a written notice from the Riverside Insurance Company advising him that their

automobile insurance policy was canceled effective May 25, 1961. The cancellation notice recited as follows:

"If the premium has been paid, the excess of paid premium above the pro rata premium for the expired term, if not tendered to you herein, shall be made as soon as practicable after cancellation becomes effective, or upon demand."

After receiving this notice Mr. Parker, the insured, called Mr. Reader, his local agent who had been handling his insurance for about ten years, and the local agent advised Mr. Parker, "Forget about it. You are covered." Unknown to Mr. Parker, the local agent issued an office credit memo designed to place the Parker insurance with another company but through inadvertence the new policy was never issued. The insurance company never made refund of the unearned premium.

On August 20, 1961, the Parker automobile was involved in a collision. Suit was brought against the Riverside Insurance Company claiming coverage. Mr. Reader, the local agent, received a credit on the books of Riverside Insurance Company at the end of May, 1961, for a total of $410.84 of which $116.83 represented the unearned premium on the Parker insurance policy. It was admitted that as of the trial no return premium had ever been tendered to Parker.

The Supreme Court of Arkansas, in a divided opinion, held that the failure to refund or make a tender of the unearned premium as soon as practicable or within a reasonable time under the facts of that case nullified the attempted cancellation of the policy and that the company was estopped to contend that the policy was canceled because the policyholder had been lulled into a false sense

of security by the assurances of the company's agent of continued coverage in spite of the cancellation notice. Justice Ward dissented on the grounds that the failure to pay the unearned premium in no way affected the cancellation but only created the relationship of debtor and creditor between Riverside Insurance Company and the appellees, Parker and wife, predicating his dissent on the following clause in the policy: "Payment or tender of the unearned premium is not a condition of cancellation."

In the case of Wallace v. State Farm Mutual Insurance Co., supra, the policyholder, Wallace, received a letter on August 15, 1947, informing him that his automobile liability policy was canceled effective August 20, 1947. No other communication was had between Wallace and State Farm Mutual until after the loss occurred on September 8, 1947, when the insured automobile was involved in a collision. The local agent of the insurance company was notified on September 9, 1947, of the collision. State Farm refused to accept coverage of the collision.

On September 12, 1947, State Farm Mutual mailed to policyholder Wallace a check for the full amount of the semi-annual premium which had been paid by Wallace on August 8, 1947, just one month before his collision and only one week before he received the notice of cancellation. Wallace refused to accept the check and brought suit on the policy. The Trial Judge awarded a judgment for the plaintiff, Wallace.

Provisions of the Wallace policy relating to cancellation were substantially the same as the provisions of the policy issued to Mandy Osborne by Atlas Assurance Com-

pany, Ltd. except the policy issued to Mandy Osborne and sued on in the present case contained the following additional statement which was not contained in the policy issued to Wallace: "* * * but payment or tender of unearned premium is not a condition of cancellation."

In the Wallace case, Justice Burnett, now Chief Justice, stated that the balance of the unearned premium in the hands of the company after the cancellation merely created a debtor-creditor relationship; that in the absence of proof to the contrary it appeared that the insurance company had refunded the premium in the regular manner and followed an established course of bookkeeping and accounting and that it had not delayed unreasonably in making refund and the court reversed the action of the lower court and dismissed the suit at the cost of the plaintiff, Wallace.

It is the insistence of the appellants in this case that implicit in Justice Burnett's opinion is the inference that if the court had found that the return of the unearned premium had been unreasonably delayed our Tennessee Supreme Court would probably have upheld the Trial Judge and allowed a recovery under the policy to Wallace. They further insist that since the Chancellor in the present case has found the delay of three months in making refund of the unearned premium to be an unreasonable delay, this court should hold that the cancellation of the policy was ineffective and that, therefore, the Atlas Assurance Company, Ltd. was obligated to defend the lawsuit of Sarah Frances Cole against Mandy Osborne.

First, we observe that the Riverside case from Arkansas discussed above is not controlling of the case at bar because in the Riverside case the court found that

the local agent had lulled the plaintiffs, Parker and wife, into a false sense of security by telling them that they were covered whereas in the instant case His Honor Chancellor McLemore found as a fact that the complainants, Mandy Osborne and husband, had failed to carry the burden of proof that the local agent had told her that she was covered and accepted a fourth premium payment. We think the facts are materially different in the case at bar from the Riverside case.

Even though we agree with solicitor for appellant that the tenor of Justice Burnett's opinion in the Wallace case was that if there had been an unreasonable delay in the payment of the refund, probably the court would have held that State Farm Mutual's attempted cancellation was ineffective, yet we think the additional statement contained in the Osborne policy, "but payment or tender of unearned premium is not a condition of cancellation" distinguishes the Wallace case from the case at bar so as to make the Wallace case uncontrolling of the case at bar. We copy the following language from the opinion of Justice Burnett as particularly applicable at this point:

"There is no ambiguity in the language used in the policy before us. Where the insurance contract is not ambiguous it is our duty to apply to the words used their ordinary meaning and neither party is to be favored in their construction. Seay v. Georgia Life Ins. Co., 132 Tenn. 673, 179 S.W. 312, Ann. Cas.1916E, 1157. The well recognized rule of construing language of an insurance policy most strongly against the insurance company (the one who writes the policy), Pacific Mut. Life Ins. Co. v. Galbraith, 115 Tenn. 471, 91 S.W. 204, 112 Am.St.Rep. 862, does not permit us or cause us to create an ambiguity where none exists."

Until such time as the Legislature enacts some statutory provisions relating to payment of refunds as conditions of cancellation, we must hold as did the Chancellor that the cancellation of Mandy Osborne's policy was effective under the clear unambiguous wording of the insurance contract and that the failure to pay the refund within a reasonable time did not operate to devitalize or negate the cancellation.

The assignments of error are respectfully overruled and the decree of the lower court is affirmed at the cost of the appellants.

Matherne and Taylor, JJ., concur.