## 8367

### WELLS v. HAYS.

1. EVIDENCE—BOOKS OF ACCOUNT—CHECK STUBS.—Entries in a merchant's account book of cash paid by him on his due bill held by another, and the stubs of checks alleged to have been drawn to make such payments, are not competent to prove the payments. Such memoranda may be used to refresh the memory of the one making them.

2. IBID.—PAYMENT.—Where an alleged item of payment on a due bill is lumber furnished the payee, it is proper to admit evidence that the husband of payee had no real estate, as that tended to show the lumber was used on lands of payee.

3. IBID.—It is not reversible error to admit evidence on a point already testified to without objection.

Before WATTS, J., Greenwood, February, 1911. Reversed.

Action by P. J. Wells against A. B. Hays, executrix of R. M. Hays. Plaintiff appeals.

*Messrs. Tillman & Mays* and *Featherstone & McGhee,* for appellant. *Entries in account books and stubs of checks are not admissible to show payments:* Greenleaf, sec. 120 b-c; Wigmore, secs. 1523-5, 1539; 9 Ency. 930; 22 Ency. 581-2, 585; 2 L. R. A. (N. S.) 401; 15 L. R. A. (N. S.) 138; 17 Cyc. 374; 33 S. E. 640; 57 Ga. 145; 93 Am. St. R. 755; Elliott, sec. 467; McKelvy, sec. 71; 52 L. R. A. (N. S.) 689; 5 S. E. R. 21; 2 Rich. L. 267; 1 Strob. L. 135; 2 McM. 306; 1 N. & McC. 436, 131; 2 Strob. Eq. 315; Bail. Eq. 226; 21 Hill Ch. 158.

*Messrs. Grier, Park & Nicholson,* contra, cite: *The best evidence obtainable is always admissible:* 2 Hill Ch. 160; 2 L. R. A. (N. S.) 401; 6 N. J. L. 99; 86 S. C. 91; 1 Atl. 572; 35 Bt. 195; 49 Atl. 650; 61 Miss. 288; 2 Wig., sec.

1549; Jones on Ev. 719; 1 Green. 118; 15 Am. Dec. 181; 51 N. Y. 199; 24 Ga. 24.

November 16, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This action was brought to recover the balance due on a due bill for $1,138.53, dated March 29, 1904, and given to plaintiff by R. M. Hays & Brother, a mercantile firm composed of R. M. and A. G. Hays, both of whom died before the commencement of the action. The action was brought against defendant alone, because she assumed payment of the due bill.

Plaintiff admits one payment of $200.00, which was credited on the due bill. Defendant pleads four others, which, with that admitted, aggregate $964.67, leaving a balance of only $319.00, for which amount the jury found a verdict for plaintiff. From the judgment entered on the verdict, the plaintiff appealed.

Three of the alleged payments, including the one admitted by plaintiff, were checks of R. M. Hays & Brother, payable to the order of J. W. Wells, the husband of the plaintiff, and endorsed by him. There was nothing on the checks to indicate for what purpose they were given; but there was a memorandum on the stub of each in the check book, and also in the cash book of R. M. Hays & Brother, to the effect that they were intended as payments to Mrs. Wells. One of the checks was payable to the order of W. J. Snead Lumber Company, and there was a similar memorandum on the check stub and in the cash book. One of the payments alleged was an item of $150.00, charged on the cash book to Mrs. Wells as cash paid to her. In the ledger account of plaintiff on the firm books, she is credited with $1,138.53, as of the date of the due bill, and debited with the several amounts claimed by the defendant as payments thereon, at the respective dates thereof. These

amounts were carried to the ledger by the bookkeeper from the check stubs and the cash book.

J. W. Wells testified that he was a contractor, and that during the period within which the payments claimed by defendant were made he had a running account with R. N. Hays & Brother and with Hays Live Stock Company, in which they were interested, if not the owners, and that he also had an account with R. M. Hays individually, involving some farming operations carried on by them on a farm which they owned together. He also testified that all the payments set up by defendant, except the one admitted by plaintiff, were amounts paid to him by R. M. Hays on account of their individual matters; that Hays always paid him with checks of the firm; and that, after deducting his indebtedness to the firm and to the Live Stock Company, R. M. Hays still owed him a considerable balance. There was an account against J. W. Wells on the books of R. M. Hays & Brother, and also one on the books of Hays Live Stock Company, showing that he was indebted to both, and none of the payments claimed by defendant appeared in the accounts of J. W. Wells, either with the firm or the Live Stock Company. There was testimony tending to show that J. W. Wells was the general agent of the plaintiff and attended to all her business. The plaintiff testified that she knew nothing of the alleged payments, except the one credited on the due bill, and that she did not authorize her husband to receive any other.

The question upon which the appeal must turn is: Did the Court err in admitting the books of account of R. M. Hays & Brother and their check book stubs, containing the memoranda thereon, as evidence of the alleged payments to the plaintiff? The decisions of this Court clearly answer that question in the affirmative.

From time immemorial, the books of merchants, shopkeepers, tradesmen, and others whose business or occupa-

tion necessitates the keeping of books, have been admitted in the Courts of this State to prove accounts for goods sold and delivered, services rendered, work and labor done, and materials furnished; but this Court has uniformly held that books of account or private memoranda are inadmissible for the purpose of proving special contracts, such as are not shown by or to be inferred from the entries alone, regularly and properly made in the usual course of business in books of one of the classes above mentioned.

In *Darby* v. *Deas,* 1 N. and McC. 436, the books of a tailor were held incompetent as evidence to prove a verbal order of defendant to let his ward have clothes. The Court, by Mr. Justice Johnson, said: "The liability of a defendant to pay an open account of a merchant, or shopkeeper, does not arise merely on account of the charge against him, but in consequence of the delivery of the goods to him, or to his servant, or agent, for his use; or, in other words, it is in respect to the consideration which he has received: So that book entries prove no more than the delivery of the articles charged. Now, if from these it appears that the articles were delivered to another, and for another's use, the liability ceases, unless he be liable in respect to some other special contract; and if a merchant or shopkeeper were allowed to make every contract the subject of book entry, and themselves to prove it, the community would indeed be at their mercy; for, although, as a class, they are entitled to the highest respect and consideration, yet, like every other, there may exist among them those, whose consciences would not secure justice to the community." The argument advanced by the learned Justice against the admission of such evidence, though it had reference to the law then existing, under which parties to the record were incompetent as witnesses, is none the less forceful under the present state of the law, notwithstanding the disability of parties, as witnesses, has been removed by statute, espe-

cially when it is sought, as in this case, to make such entries, made by one who has since died, competent evidence to prove a special agreement. The admission of such entries would open wide the door to fraud, and afford strong temptation to perjury, and make it easy for a debtor to manufacture the evidence by which he might discharge his note, bond or other contract, without actual payment or performance thereof.

While we do not mean to intimate that any such thing was done or attempted in this case, still the possibility of its being successfully done is strong reason against such an extension of the rules of evidence. The exclusion of such book entries is sustained by the following cases: *Pritchard* v. *Owens,* 1 N. & McC. 131; *White* v. *St. Philips,* 2 McM. 306; *Gage* v. *McIlwain,* 1 Strob. 135; *Kinloch* v. *Brown,* 1 Rich. 223. The weight of authority elsewhere is in accord with our own decisions. 1 Gr. Ev., sec. 117 *et seq.,* and notes; Wigmore, sec. 1523 *et seq.;* 17 Cyc. 379 *et seq.;* 22 A. & Enc. L. (2d) 582. For stronger reason, the check stubs are inadmissible to prove the memoranda thereon, for they are not books of account. 17 Cyc. 373-4; 22 A. & E. Enc. L. (2d) 585.

As a rule, the authorities are against the admission of books of account as evidence to prove such cash transactions as money loaned or payments made on notes, bonds or other obligations. *Williams* v. *Gregg,* 2 Strob. Eq. 315; Wigmore, sec. 1539; 9 A. & Enc. L. (2d) 930-1; *Lewis* v. *England,* 2 L. R. A. (N. S.) 401, and note. To this general rule, some authorities make an exception of bank books, kept in the usual course of business, and account books generally, where the cash items appear in the general course of accounts as part of the ordinary transactions between the parties. *Lever* v. *Lever,* 2 Hill Ch. 158; *Sinclair* v. *Price, Ib.* 160. There may be other exceptions to the rule; but as this case does not fall within any of them, we express no opinion as to what exceptions may be made to the general

rule, or what circumstances of necessity would warrant the making of them. The point decided does not conflict with the well settled rule that such entries or memoranda may be referred to by the person who made them for the purpose of refreshing his memory, and thereby enabling him to testify to the transactions so recorded, if he is otherwise competent.

The exception which imputes error in allowing the defendant to prove by Mrs. Wells that J. W. Wells owned no real estate cannot be sustained for two reasons: First, it was relevant, because it tended to show that the lumber bought from the W. J. Snead Lumber Company was used on her property; second, because W. J. Wells testified to the. same fact without objection.

As there must be a new trial, the assignment of error in the charge need not be considered, as no principle is involved which may arise in the next trial.

Reversed.

MR. JUSTICE WATTS, *disqualified.*