AUSTIN FIRE INS. CO. v. SAYLES et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 12, 1913. Rehearing Denied May 24, 1913.)

1. INSURANCE (§ 145*)—AGENTS—AUTHORITY—REDELIVERY OF CANCELED POLICY.

An agent of an insurance company, as defined in Rev. Civ. St. 1911, art. 4961, with authority to issue and deliver policies, has authority to redeliver a policy of insurance theretofore canceled, and his act will bind the company unless procured by fraud.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 276–291; Dec. Dig. § 145.*]

2. INSURANCE (§ 669*) — INSTRUCTIONS — AUTHORITY OF AGENT.

In an action on an insurance policy, which had been canceled and later redelivered by the agent of the company, instructions which are calculated to induce the jury to believe that the company must have expressly authorized its agent to redeliver the canceled policy before it would be bound thereby are misleading and properly refused.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1771–1784; Dec. Dig. § 669.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.

Assignments, based on error in the exclusion of testimony, will be overruled where they are not followed by a statement showing what objections were sustained by the court to the excluded testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF TESTIMONY — ISSUE NOT IN THE CASE.

Assignments of error, based on the exclusion of testimony, will not be considered where the testimony was as to an issue not in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

5. TRIAL (§ 296*) — INSTRUCTIONS — RESTRICTING JURY TO EVIDENCE.

Where a jury is told in one charge that the burden is upon plaintiff to prove his case by a preponderance of the evidence, a charge on a particular issue, which states that if the jury believe certain facts they may find for the plaintiff, is not bad as permitting the jury to ignore the evidence and base their belief on other sources.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

Error from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by Henry Sayles and others against the Austin Fire Insurance Company. Judg-

---

ment for plaintiffs, and defendant brings error. Affirmed.

Wm. Thompson and Jno. S. Patterson, both of Dallas, and Harry Tom King, of Abilene, for plaintiff in error. A. H. Kirby, of Abilene, for defendants in error.

SPEER, J. The Austin Fire Insurance Company appeals from an adverse judgment in favor of Henry Sayles and others as trustees for the Colorado Salt Company, a corporation, upon a fire insurance policy for the sum of $2,000.

Upon the trial the court instructed the jury to find for the plaintiff, unless they should find for the defendant under the following instruction: "You are charged that if you believe that the said policy of·insurance sued on by plaintiff in this cause was by the local agent of defendant insurance company redelivered to the agent of the Colorado Salt Company about November 7, 1911, after it had theretofore been taken up and canceled by the said local agent of defendant at Colorado, Tex., and before or at the time of such redelivery, the said local agent was induced to do so by a false or fraudulent representation on the part of any of the officers of the Colorado Salt Company as alleged in the defendant's answer, and that said representation or representations, if any, were material representations, and that the said local agent of defendant relied on said representations, and that same was false or fraudulent, and but for said representation the agent of defendant would not have so delivered the said policy, you will find for defendant, and so say by your verdict, and upon this issue the burden is upon the defendant to prove same by a preponderance of the evidence."

The pleadings of defendant raising the issue thus submitted was as follows: "Defendant would show that the policy sued on herein was not in force at the time of the fire, was not a valid and subsisting contract, but that the same had been by the agreement of the parties, and under the terms of said policy, canceled and discharged and surrendered, all of which defendant stands ready to verify. For further answer defendant would show that after it had canceled and taken up its policy sued on by agreement with the assured, the said assured wrongfully and falsely stated to its agent issuing said policy, who at that time had possession of the said policy as canceled and surrendered, to the effect that defendant had consented to permit its policy to remain in force, and by such false representations and statements to its said agent induced said agent to deliver back to it the said policy, and said policy would not have been redelivered but for such false representations inducing redelivery of the same, all of which defendant stands ready to verify."

[1] The summary instruction to return a

157 S.W.—18

verdict for the defendant was properly refused. Under the undisputed facts, and under the statute (Revised Statutes 1911, art. 4961) G. B. Harness, the agent who redelivered the policy in controversy to the Salt Company, was the local agent of plaintiff in error, with full power to issue and delivery its policies. As we view the case, there was no issue of want of power on the part of Harness to represent plaintiff in error aside from the issue raised by its plea that defendants in error had wrongfully procured the redelivery of the policy by false and fraudulent representations. This latter issue was clearly submitted in the above-quoted charge, and embraced the only real issue under the pleadings and evidence. The case stands precisely as though the plaintiff in error had delivered the policy itself. The contention and counter contentions as to the necessity for a verification of plaintiff in error's pleadings and as to the correctness of the court's ruling in excluding evidence upon the issue of want of authority on the part of the local agent Harness to represent plaintiff in error become altogether immaterial and foreign to the discussion of the questions really involved. The local agent indisputably did have authority to issue and deliver policies, and the only defense to his act in delivering the policy here sued on has been submitted to and found by the jury contrary to plaintiff in error's contention.

[2] Plaintiff in error's special charges Nos. 1 and 3 were properly refused. What we have already stated is perhaps sufficient as to these. Furthermore, however, the charges would probably have been misleading, inasmuch as they were calculated to induce the jury to believe before they could find for the plaintiff the defendant company must have expressly authorized its local agent to redeliver the canceled policy, whereas, his general power to issue and deliver policies would bind the company if such delivery was not induced by the fraud of the plaintiff's agents.

[3, 4] The sixth and seventh assignments of error are overruled because neither is followed by a statement from the record showing what objections were sustained by the court to the testimony excluded, and because for the reason already stated the issues of ratification of the agent Harness' act in delivering the policy, or of want of authority to do so, were not issues at all in the case. The evidence, therefore, upon such false issues was properly excluded.

[5] The criticism of the charge contained in the eighth assignment of error is hypercritical. The charge is, "If you believe that the said policy," etc., and the criticism is that this left·the jury free to ignore the evidence in the case and to believe from any source whatever. It is hardly conceivable that an intelligent jury would fail to understand that they were limited to a consideration

of the facts in evidence, especially when they are told, as they were in this case, that the burden is upon the plaintiff to prove the material allegations of his petition by a preponderance of the evidence.

There is no error in the judgment, and it is affirmed.