NEW YORK UNDERWRITERS INS. CO. v. BRITTAIN et al.

No. 2412.

Court of Civil Appeals of Texas. Beaumont.
July 12, 1933.

Rehearing Denied July 19, 1933.

King, Wood & Morrow, of Houston, for appellant.

Sanders & McLeroy, of Center, for appellees.

COMBS, Justice.

Appellee was plaintiff and appellant defendant in the court below, and for convenience we will designate the parties as in the trial court.

Plaintiff, F. H. Brittain, filed this suit against the defendant in the district court of Shelby county, Tex., upon a policy of fire insurance issued by the defendant to R. U. Fitts, covering a dwelling house belonging to Fitts in the town of Center. Plaintiff alleged that on December 22, 1931, Fitts conveyed the insured premises to him, together with the policy of insurance in question; that he on the same day notified the defendant's agent at Center, H. B. Johnson, of such conveyance, and of his desire that the policy of insurance be continued in force, and that such request was agreed to by such agent; that he delivered the insurance policy to the agent with the request that such additions, amendments, or changes be made thereon as required by the defendant to vest in plaintiff all the benefits originally held by Fitts in accordance with the terms of the policy, to which the agent agreed; but that the agent did not make the changes in the policy, but retained the unearned premiums on it, and acquiesced in the arrangement. Plaintiff alleged a total destruction of the dwelling house by fire on January 23, 1932, during the term of the policy.

Defendant answered by general demurrer, general denial, and specially denied that plaintiff had ever notified it or its agent of his purchase of the property, or that it or its agent ever agreed to keep such policy in force for the benefit of plaintiff. Defendant also set up a provision of the policy providing that it should become entirely void if any change

should take place in the interest, title, or possession of the premises, and pleaded that the sale of the property by Fitts to plaintiff forfeited the policy under said provision; defendant also pleaded forfeiture of the policy by its own terms due to an assignment of it before loss. It also pleaded that plaintiff had never before filing suit claimed any unearned premium or submitted to defendant any proof that he was entitled to such unearned premium, the premium having been paid by Fitts, and it tendered into court $15, an amount in excess of any unearned premium due. By supplemental petition plaintiff pleaded an estoppel against the special defenses set up in defendant's answer on the ground that it had acquiesced in the conveyance from Fitts to plaintiff and waived the forfeiture provisions of the policy and retained the unearned premium.

C. C. Locke intervened in the case, setting up that he held certain vendor's lien notes against the property and that the policy contained a loss and payable clause in his favor. Farmers' State Bank of Center also intervened, claiming indebtedness against the property.

Upon a trial to the court, a jury being waived, judgment was entered against the defendant for $2,000, the full amount of the policy. Of this sum, $1,149 was awarded to intervener C. C. Locke, and the balance to plaintiff; the bank being denied recovery. The bank did not appeal.

Mr. H. B. Johnson was the agent of the defendant in Center, and represented it generally in accepting risks, issuing policies, etc., in that territory, and no point is made that he did not have authority to bind the defendant company in the respects charged. Fitts testified that he went to see Mr. Johnson before he sold the property to Brittain, in regard to having the insurance policy transferred to Brittain; that Johnson remarked he might reduce the policy to $1,500, and that he (Fitts) told Johnson he had better not do that, as Brittain might not trade if he did. After this conversation nothing more passed between Mr. Fitts and Mr. Johnson about the matter.

When the sale of the property was concluded, Fitts delivered the insurance policy to plaintiff at the office of plaintiff's attorney, Hon. S. H. Sanders. Plaintiff testified that thereafter he went to the office of Mr. Johnson twice to see him about changing the policy, and, Johnson being out of the office both times, he did not get to see him. He then requested his attorney Mr. Sanders to attend to the matter for him.

Mr. Sanders testified that he carried the policy to Mr. Johnson's office and left it, informing him at the time that a transfer of the property and policy of insurance had been

made by Mr. Fitts to plaintiff and that he wanted an indorsement on the policy transferring it from Mr. Fitts to plaintiff; that Mr. Johnson stated to him that he did not want to carry the policy for the amount that was then on it; that he suggested to Mr. Johnson that he (Johnson) see Mr. Smith Sanders, cashier of the Farmers' State Bank, in regard to the matter, as the bank held an indebtedness against the property. The policy was left with Mr. Johnson.

Mr. Smith Sanders testified that he phoned Mr. Johnson in regard to changing the policy to plaintiff, and that Johnson came to his office, bringing the policy with him; that Johnson said he wanted to reduce the insurance to $1,500, to which he (witness) objected, stating that the bank's indebtedness against the property amounted to more than that amount; that Johnson then left, carrying the policy with him; and that he had no further conversation with Johnson about the matter.

Mr. S. H. Sanders, plaintiff's attorney, also testified that a few days after he had left the policy with Mr. Johnson he (Johnson) came to witness' office and delivered the policy back to him, without any changes in it or indorsement upon it and without any explanation and without any notice that he intended to cancel it.

All of the above transactions took place before the dwelling house burned. It was undisputed that no notice of intention to cancel the policy was ever given to Locke or to the bank or to plaintiff, and no tender of the unearned premium to plaintiff or to any one was made by defendant until the tender was made in court.

■ Appellant by appropriate assignment contends that the policy of insurance was rendered void by its own terms because of change in title to the insured property and by the assignment of the policy before loss, without the consent of appellant. This contention is overruled. When appellant's agent redelivered the policy to Brittain's attorney under the circumstances shown, such act implied the full consent of appellant to the assignment of the policy and constituted in law a new contract between appellant and appellee Brittain embodying the terms of the original contract. Cooley, Briefs on Insurance, vol. 2 (2d Ed.) p. 1761; Austin Fire Ins. Co. v. Sayles (Tex. Civ. App.) 157 S. W. 272 (writ refused). And since the redelivery of the policy to Brittain by appellant's agent, with full knowledge of the change in ownership of the property and of the assignment of the policy, had the effect of creating a new contract between appellant and Brittain, it was wholly immaterial whether the policy, issued to Fitts had become void by reason of a breach of its terms or not.

■ But appellant contends that under the facts of this case no contract could have resulted between it and Brittain because its agent never did agree to allow the property to remain insured in Brittain's favor for $2,000, but at all times insisted that the amount should be reduced to $1,500. This contention is not sound. If appellant's agent intended to reduce the amount of the insurance to $1,500, he should have changed the policy before he redelivered it. He had been requested by all of the interested parties to allow it to remain at $2,000, and, having redelivered the policy to appellee for that amount, with no comment or notice to the contrary, no other reasonable inference could be drawn from such act than that he thereby acceded to the request and meant to bind his company on the contract so delivered.

■ Nor is it necessary for us to rest the affirmance of this case alone upon the question of novation of the contract. We think the facts show a complete waiver upon the part of appellant of any right it ever had to insist upon the forfeiture provisions of the policy. It is well settled by the decisions of our courts that, when an insurance agent with power to bind his company, and with full knowledge of the facts, does some unequivocal act showing an intention to treat the policy as valid and binding after the date on which, under its terms, it would have become forfeited, such conduct will amount to waiver of the forfeiture provisions. 24 Tex. Jur. p. 829; Stone v. Brady Mutual Life Ins. Co. (Tex. Civ. App.) 2 S.W.(2d) 538; Equitable Life Assur. Soc. v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Dunken v. Ætna Life Ins. Co. (Tex. Civ. App.) 221 S. W. 691. See, also, Scott v. Law Union & Rock Ins. Co., 12 S.W.(2d) 147, where, in an opinion by Judge Harvey, the Commission of Appeals, Section A, specifically held that a general agent for a fire insurance company had authority to waive for the company, after the policy was issued, the benefits of a stipulation therein for forfeiture of the policy in case of a change of interest, title, or possession of the insured property.

In the case before us the acts of appellant's agent in redelivering the policy to appellee's attorney and in retaining the unearned premium were wholly inconsistent with the idea advanced in this case by appellant that it never consented to the assignment of the policy from Fitts to Brittain. If the contract was to be treated by appellant's agent as void, then why did he deliver the policy to Brittain's attorney? In ordinary practice, when an agent cancels a policy he takes it up. Nor is there any merit in appellant's contention that its retention of the unearned premium is no circumstance against it in that Brittain did not submit written proof of the assignment of such premium to him by Fitts and request the return of the premium. There was no occasion for Brittain to submit

such proof. He did not desire the return of the premium. He desired to keep the insurance policy in force and so notified appellant's agent. It was then the duty of appellant to tender a return of the unearned premiums if it desired to forfeit the policy. This it did not do, but instead delivered the policy to appellee's attorney and permitted appellee to rest under the belief that his property was insured under the policy until after the loss occurred. We know of no principle of law which will permit appellant to come into court now and escape the obligation of the policy by tendering back the unearned premium. Manifestly, to permit appellant to do so would be wholly inequitable and unjust. We think the authorities fully support appellee's contention that appellant is estopped to deny its liability. Austin Fire Ins. Co. v. Polemanakos (Tex. Com. App.) 207 S. W. 922; Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S. W. 456, 288 S. W. 115, 47 A. L. R. 876; Hibernia Ins. Co. v. Mallvinsky, 6 Tex. Civ. App. 81, 24 S. W. 804.

The judgment of the trial court is in all things affirmed.