16522

ELMORE v. MIDDLESEX MUT. FIRE INS. CO.

(65 S. E. (2d) 871)

*Messrs. Leatherwood, Walker & Mann,* of Greenville, *for Appellant,*

*Messrs. Price & Poag, J. G. Leatherwood* and *W. E. Bowen,* of Greenville, *for Respondent,*

July 10, 1951.

TAYLOR, Justice.

The action from which this appeal stems was instituted in the Court of Common Pleas for Greenville County on April 7, 1949, by respondent who contends that she is entitled to recover for damage and loss of her automobile as the result of a collision on the 14th day of January, 1949, said damage occurring while there was in force and effect a policy of insurance referred to as a collision policy which was issued by appellant covering respondent's automobile. Appellant in its answer admitted the issuance of such policy covering the automobile in question, admitted on information and belief that said car was involved in a collision and thereby damaged, but set forth that the policy contained the standard cancellation clause and alleged that prior to the law set forth in the complaint the policy in question had been cancelled in accordance with the terms contained therein.

The matter came on to be heard at the March, 1950, Term of Court with Honorable J. Woodrow Lewis presiding. At the conclusion of all the testimony, appellant moved for a directed verdict which was denied and the case was submitted to the jury which rendered a verdict in favor of respondent in the sum of $1,800.00. In due time a motion for a new trial based on after discovered evidence was made and refused.

Appellant now appeals to this Court contending that the Trial Court erred in four particulars: (1) that there was error in excluding certain testimony offered by appellant, (2) that there was error in refusing appellant's motion for a directed verdict, (3) that there was error in refusing to charge certain requests and (4) that there was error in refusing appellant's motion for a new trial.

The policy in question had been written through the office of B. A. Bennett Company, local agent of the appellant, and upon trial of the cause, Mr. W. K. Childress, an employee of the company, testified that he went to respondent's home on October 14, 1948, in accordance with instructions from appellant and informed respondent that he had been in-

structed to cancel the policy and tender her a check for the unearned premium and request the policy, but that respondent refused to return the policy; whereupon he informed her that she would receive a notice through the mail of such cancellation.

Respondent admitted that Mr. Childress called at her home on the date in question and that they discussed insurance, it appearing that the local agent, B. A. Bennett Company, had written other insurance for respondent, and denied that the proposed cancelation of the policy was discussed or that any tender of unearned premium was made.

Appellant offered in evidence the checkbook of the B. A. Bennett Company containing check stubs bearing the date of October 14, 1948, payable to the respondent in the sum of $40.12. This evidence was excluded by the court upon objection of respondent's counsel. Appellant cites no authority for its position that the check stub should have been received as evidence. The general rule seems to be that check stubs are not admissible as such, 68 A. L. R. 692. On the other hand this Court held in *Wells v. Hays,* 93 S. C. 168, 76 S. E. 195, 42 L. R. A., N. S., 727, that check stubs and their entries are not admissible to show that the checks are given to pay another than the payee of the check, for whom such payee was agent. Although the facts therein were somewhat different from the ones at bar it lends some strength to support the general rule, and we are of the opinion that the trial court did not err in excluding the check stubs as evidence in this case.

That portion of the policy relied upon by the appellant as authority for its acts of cancellation appears as follows:

"13. Cancelation: This policy may be canceled by the insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than five days thereafter

·such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing.

"If the insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed *pro rata*. Premium adustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the insured."

The notice of cancelation and certificate of posting appears as follows:

"Agency at Greer, South Carolina

"Date October 19, 1948

"Mrs. Mamie C. Elmore

"East Poinsett Street

"Greer, South Carolina

"We hereby cancel our Policy No. A 456319 issued to Mrs. Mamie C. Elmore on January 15, 1948, in accordance with the terms and conditions of the policy.

"You will, therefore, please take notice that at the expiration of five (5) days from the receipt of this notice, unless surrender thereof to us be sooner made, the said policy will terminate and cease to be in force.

"Respectfully yours,

"Middlesex Mutual Fire Insurance Company
·"Per John Ratterree, Manager Agent"

"I, B. L. Bergman, hereby certify that on the 19th day of October, 1948, I personally mailed in the United States Post Office at Greer, S. C., a notice of cancelation of which the above is a true copy, addressed as therein appears and at said time received from the United States Post Office the receipt (Form No. 3817) hereto attached.

"Signed at Greer, S. C., this 19th day of October, 1948.
"Signature, B. L. Bergman"

Attached to said notice was the following receipt:

"Form 3817 (Post Office Stamp as follows):

"Rev. 9-37                                        Greer
                                                  Oct. 19
                                                  1948
                                                  S. C.
                          (U. S. 1¢ postage stamp attached)

"Received from:

"John Ratterree, Manager

"Greer, South Carolina

"One piece of ordinary mail addressed to Mrs. Mamie C. Elmore East Poinsett Street Greer, South Carolina

"This receipt does not provide for indemnification U. S. Government Printing Office 5-10325

"Postmaster"

It is upon this notice that appellant relies to sustain its position that the policy was cancelled prior to the date of the collision. However, it is unnecessary for us to consider this or the question of "reasonable time" in which tender should be made under the terms of the policy in that there is conflicting testimony as to whether or not tender of the unearned premium had been made. According to appellant's testimony respondent, having refused to accept the check for the unearned premium, was given credit upon her account and was so informed while in appellant's office making one

of her periodic payments on her insurance account on January 4, 1949, approximately three and a half months after Mr. Childress first called on her. This respondent denied and stated that she was not informed that the policy had been canceled or that she had been given credit for any amount, but that she paid the amount of insurance which she was told was then due. It is therefore a question of fact for determination by the jury as to whether or not tender had been made as contended by appellant on October 14, 1948, and this question was resolved against the contention of appellant.

It is, however, clear that the unearned premium was not returned to respondent but was returned to the local agent, B. A. Bennett Company, and it was permitted to credit same upon respondent's account. The recent case of *Crotts v. Fletcher Motor Company,* S. C. 64 S. E. (2d) 540, is squarely upon the point and cites the case of *Hamilton Ridge Lumber Corporation v. Boston Insurance Company,* 133 S. C. 472, 131 S. E. 22, as authority for the proposition of law that the tender of unearned premium is a condition precedent to the cancelation of an insurance policy and cites 127 A. L. R. 1358-59, to the effect that an insurer cannot refund an unearned premium by crediting it on some other indebtedness owed to the insurer by the insured nor can the refund be made effective by applying it on the account which the insured may owe the insurer's agent. Question 2, therefore, should be resolved against appellant.

The third question relates to the charge as to the effect of mailing of the notice and cancelation, which considered in the light of *Crotts v. Fletcher Motor Company, supra,* could in nowise have been prejudicial to appellant, as the undisputed evidence shows that even though notice of cancelation was mailed, as contended by appellant, and received by respondent, there was no refund of the unearned premium. Therefore, this question should be resolved against appellant.

The fourth question is that the Court erred in refusing appellant's motion for a new trial based upon after discovered evidence. It is sufficient to say that such motions are addressed to the discretion of the Circuit Court and that the ruling therein will not be disturbed unless the Trial Judge has manifestly abused such discretion and thereby committed error of law. *Rikard v. Great A & P. Tea Company*, 165 S. C. 355, 164 S. E. 11, and we see no evidence of such in the instant case.

We are of the opinion that all exceptions should be dismissed and the judgment of the Trial Court affirmed, and it is so ordered.

FISHBURNE, STUKES and OXNER, JJ., and E. H. HENDERSON, A.A.J., concur.