Tart, J.
Previous decisions of this court require the conclusion that a person injured by an insured cannot recover from the insurer under the provisions of Section 9510-4, General Code, if, before the injuries were received, there was a valid cancellation of tbe insurance which would otherwise have justified recovery against the insurer by the person so injured. See, for example, In re Estate of Basmajian, 142 Ohio St., 483, 52 N. E. (2d), 985; Conold v. Stern, 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003.
Thus, the question in the instant case is whether the refund of unearned premium to the insured, either at or within a reasonable time after the notice of cancellation is sent to him, is a condition, either precedent or subsequent, to effective cancellation of an insur *166 anee policy having the foregoing cancellation provisions.
Defendant insurer has contended that the facts relative to these transactions would justify a finding that the insurer had paid the unearned premium to Kelly. Because of the conclusion which we have reached on the foregoing question, we do not deem it necessary to consider that contention in deciding this case.
Unless we are to depart from the decision and reasoning of this court in Insurance Co. v. Brecheisen, 50 Ohio St., 542, 35 N. E., 53, we believe that the answ-er to the foregoing question is that such refund of unearned premium is not either a condition precedent or subsequent to effective cancellation of a policy such as that involved in the instant case.
The reasons given in support of this court’s conclusion in the Brecheisen case require such an answer even though the provisions for cancellation involved in that case differed from those involved in the instant case.
Thus, in the opinion by Burket, J., in that case, it is said at page 547:
“The Legislature has seen fit to leave the rights of the parties, when the cancellation is upon request of the company, as such rights may be fixed by the contract in the policy. ’ ’
It has not been claimed that any legislation might justify a conclusion that the rights of the parties in the instant case are to be other than as fixed by their-contract as set forth in the insurance policy.
In the opinion in that case it is said at page 548:
“No contract is found in this policy for the return of the unearned premium as a condition precedent to the termination of the insurance, and the rights of the parties must be determined by the contract which they have made, and not by a contract to be made for them by the court. The question in such case is not what *167 contract the parties should have made, nor what would be equitable, but what contract did they in fact make? Each party must stand or fall upon the written con-i tract found in the policy.
“True, there is a class of cases which hold that both' notice and the return of the unearned .'premium, are required to cancel the policy and terminate' the insurance, but in all these cases the contract contained in the policy so provided.
“The contract in this policy does not so'provide, and therein lies the distinction.”
■ The fact that the insurer stated that cancellation was for nonpayment of premium, when the premium had been paid, has no significance in the instant case. Under the terms of this policy the insurer- was not required to give any reason for cancellation. Where an insurer is required to give no reason for cancellation of a policy, the fact that its notice of cancellation gives a reason and that reason is not-a correct reason will not affect the validity of such cancellation.
■ The rights of Kelly have not been prejudiced by the failure of the insurer to recognize any obligation to return anything to Kelly on account of any unearned premium. If there was any unearned premium due at the time of cancellation, the insurer under the terms of the policy became indebted to Kelly for the amount of such unearned premium. The mere statement of the insurer that it was not so indebted could not affect that obligation.
The question, as to whether a refund of the unearned premium is a condition of cancellation of a policy containing provisions substantially identical to the cancellation provisions of the policy in the instant case, has been considered by other courts. The same conclusion reached by this court has been reached by almost all of them. The cases are set forth in the an *168 notation at 16 A. L. R. (2d), 1200, at 1204 et seq. See, also, Woodard v. Calvert Fire Ins. Co., 239 S. W. (2d), 267 (Kentucky 1951).
The plaintiff argues that, by stating that such a conclusion would follow, “in absence of proof that refund had not been done as soon as practicable after the cancellation,” the Tennessee Supreme Court in Wallace v. State Farm Mutual Automobile Ins. Co., 187 Tenn., 692, 216 S. W. (2d), 697, indicated that refund of ihe unearned premium is a condition subsequent to effectiveness of a cancellation. It may be observed that this qualification of the statement of the conclusion reached by the Tennessee court merely represented an effort by that court to confine its decision to the precise facts involved in the case. We do not believe that it amounts even to a dictum that a different result would have followed if there had been proof in that case that the refund had not been made as soon as practicable after the cancellation.
A contrary conclusion to that of this court has been reached by the courts of Louisiana and South Carolina. Ellzey v. Hardware Mutual Ins. Co., 40 S. (2d), 24 (Louisiana 1949); Crotts v. Fletcher Motor Co. 64 S. E. (2d), 540, 546, 547 (South Carolina 1951); Elmore v. Middlesex Mutual Fire Ins. Co., 65 S. E. (2d), 871 (South Carolina 1951).
The only authority cited by the Louisiana court in support of its conclusion on this question in the Elisey case is a quotation of the subheading of Section 451 (a) in 45 Corpus Juris Secundum, 96, that “the return or tender of the unearned premium to the insured is generally a condition precedent to cancellation of a policy by the insurer.” However, a reading of the text under that subheading reveals the following statement at page 98:
“* * * under a provision for cancellation on notice with or without tender of the unearned premium, and *169 for the refunding of such premium, if not then tendered, as soon as practicable after cancellation, the giving of notice of cancellation without such tender, terminates the policy on the specified date and creates a debtor and creditor relationship as to the unearned premium. ’ ’
This conclusion necessarily follows from the statement, which precedes it on page 97 in the same text under the same subheading, that “in the absence of a statute to the contrary, the parties are at liberty to contract on this subject.” We believe that the authority relied upon by the Louisiana court calls for a a conclusion contrary to that reached by that court. ’
A reading of the South Carolina court’s opinion in the Crotts case discloses that it relied upon authorities which involved cancellation provisions that required not merely notice of cancellation but either such notice and a return of premium with it or such notice and a statement with it that the premium would be refunded upon demand. There are no such provisions in the policy involved in the instant case. The court in the Elmore case merely relied upon the Crotts case and some of the authorities cited in the Crotts case as authority for the court’s decision. In those two cases, the South Carolina court apparently failed to even consider whether the cancellation provisions which it was construing might require a different conclusion than did the different cancellation provisions involved in the authorities relied upon.
Judgment affirmed.
Weygandt, C. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.