**U. S. INSURANCE COMPANY, Appellant,**

**v.**

**T. M. BROWN, Individually and as Manager of the Community Estate of Georgia Marie Brown, Appellee.**

No. 6844.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 8, 1955.

Rehearing Denied Jan. 5, 1956.

Bistany & Jones, Alfred J. Bistany, Waco, for appellant.

Jones, Brian & Jones, Marshall, Terry Graham, Tyler, for appellee.

FANNING, Justice.

Appellee sued appellant Insurance Company for $5,423.38, representing the amount of a default judgment theretofore taken against Arcel Johnson who was alleged to be a liability insured of appellant (under its liability policy No. 54094) at the time of the automobile collision when appellee's wife received personal injuries and when appellee sustained property damage out of which the above-mentioned judgment arose.

The automobile collision in question between Arcel Johnson and appellee's wife occurred on January 9, 1954.

Appellant answered contending it was not liable because on November 23, 1953, it had cancelled Arcel Johnson's policy No. A–54094, effective as of December 4, 1953, by mailing notice of cancellation to Johnson to the last address shown on the policy prior to the collision in accordance with Sec. 22 of the policy, that it alleged to be No. A–54094. Sec. 22 of the policy in question (alleged by appellee to be No. 54094 and alleged by appellant to be A–54094) reads as follows:

"22. Cancellation: This policy may be canceled by the named insured by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of the representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

The cancellation notice in question reads in part as follows:

"Your automobile policy numbered —— A 54094 —— is cancelled effective 12:01 A.M. Standard Time —— December 4th, 1953 —— in accordance with its terms. You have failed to make the payment required to comply with the Motor Vehicle Responsibility Act.

"U. S. Insurance Company."

Appellee contended by further pleadings that liability policy No. 54094 was in full force and effect on the date of the collision in question, and alleged in detail that all conditions precedent to a direct recovery on the said policy had been complied with; that policy No. 54094 provided for a six months premium of $22.50; had policy limits for bodily injury liability of $5,000 for each person; $10,000 each accident and property damage liability limits of $5,000 for each accident; that Arcel Johnson paid $24.40 to an authorized agent of appellant

for premiums and that policy No. 54094 was paid up from October 21, 1953, to April 21, 1954. Appellee further pleaded, among other things, that Johnson did not receive the notice, that Johnson was then living at the address indicated, that the notice was false in alleging that Johnson had failed to pay his premiums on said policy, and that appellant failed to tender to Johnson the unearned premium on said policy at the time of mailing the notice or as soon as practicable after December 4, 1953, but retained all of said premiums, still retained same and was estopped to assert a cancellation in the face of such facts and had waived its right to cancel. Plaintiff-appellee also further pleaded, by trial amendment, that the notice of cancellation was of policy No. A–54094, and that the liability insurance policy issued by defendant to Johnson, having on its face the number 54094, that a person of ordinary care and prudence, situated as was Arcel Johnson, would have believed under the circumstances existing, that the cancellation was of the accidental death and dismemberment policy (which bore on its face No. A–54094 and was a separate policy) and was not a cancellation of the liability policy (No. 54094), and that the defendant was estopped to assert otherwise.

Appellant has filed no pleadings where it contends that it paid or tendered to Johnson at any time any unearned premiums refunds on the policy in question, nor did it so contend in any manner.

The jury in response to special issues found in essence: (1) That Johnson paid Peck, the authorized agent of defendant, $24.40 in exchange for Peck's receipt dated October 21, 1953; (2) that the sole reason for the cancellation was the claim of appellant that Johnson failed to pay the premium; (3) that a person of ordinary prudence, situated as was Johnson, would have believed, under the circumstances existing, on receipt of the cancellation notice in question, that defendant insurance company was not giving notice of the cancellation of the automobile liability policy; and (4) that appellant mailed on November 23, 1954, its notice of cancellation of its insur-

ance policy No. A–54094 to Johnson at the address listed on the policy. Judgment was entered for plaintiff in the amount of $5,-423.38 and defendant Insurance Company has appealed.

Appellant contends that it cancelled the liability policy in question by mailing the notice in question to Johnson at his last named address as listed in the policy, even though Johnson may not have received it as testified to by Johnson. Appellant further contends that it was not a condition precedent to the cancellation of the policy that the unearned premium be tendered at the time of the mailing of the notice or at any time.

Appellee contends that the notice of cancellation being directed to policy No. A–54094, the accidental death and dismemberment policy, there was no cancellation of policy No. 54094, the motor vehicle liability policy in question. Appellee further contends that since Johnson's automobile liability policy was paid up for more than three months beyond the collision in question, and the insurance company had not returned the unearned premium on said policy to Johnson some 19 months after the purported cancellation (on the false premise of non-payment of premium which notice was not received by Johnson), and *still* retaining such unearned premiums, that the insurance company was estopped to contend for said alleged cancellation or that by such conduct it had waived such alleged cancellation.

The evidence is uncontradicted that appellant mailed the cancellation notice to Johnson at the address shown in the policy; the evidence is also uncontradicted that Johnson did not receive the notice.

Plaintiff's pleading unquestionably sued upon policy No. 54094. Exhibit P-8, the automobile policy in question bears the number 54094 on the inside on the insuring and declarations sheet while the number A–54094 is on the outside of the policy. We construe the inside number 54094 as being the controlling or dominant number. This policy is shown as a paid-up policy on

account of a "total premium and deposit $22.50".

Defendant's Exhibit No. 1 is the accidental death and dismemberment policy, which bears the number A–54094 both on the inside and the outside of the policy. This policy (which contains a provision for a monthly premium of $4.40) while it refers to the other policy as Texas Standard Combination Policy No. A–54094, is on its face and by its terms a full, complete and separate policy and *has its own cancellation clause,* Section 16, which reads as follows:

"16. The Company may cancel this policy at any time by written notice delivered to the policyholder or mailed to his last address, as shown by the records of the company, *together with cash or the policyholder's check for the unearned portion of the premiums actually paid by the policyholder,* and such cancellation shall be without prejudice to any claim originating prior thereto." (Emphasis ours.)

However, appellant takes the position that both policies, the liability policy and the accidental death and dismemberment policy, are in truth and in fact not separate policies but are one combination policy, to wit, No. A–54094. If that be true, the query arises: Which cancellation provision, Sec. 22 of the liability policy (No. 54094) which provides for the return of the unearned premium at the time of cancellation or "as soon as practicable" thereafter, or Sec. 16 of the accidental death and dismemberment policy, which provides in essence for the return of unearned premiums at the time of cancellation, would be applicable, effective or controlling? Obviously Sec. 16 of policy No. A–54094 would be more onerous on the appellant insurance company than Sec. 22 of policy No. 54094.

Johnson testified that he paid the agent of defendant initially the sum of $2 or $3 and two or three days later the additional sum of $24.40 for the liability policy (which was delivered October 21, 1953) evidenced by a receipt for that amount. (The jury found that the $24.40 premium was paid.) The $24.40 premium was more than suffi-cient to pay up the liability policy for six months.

The record does not reveal that appellant paid, offered to pay or tender the unearned premium refund to Johnson either before or after suit was filed in this cause or at any time. Appellee in his brief states that no tender of the unearned premiums had been made up until the time of the filing of such brief, August 19, 1955, with the defendant (appellant) taking the position that it does not have to make a tender of the unearned premium. Appellant has not challenged these statements made in appellee's brief. (Undoubtedly the reason appellant did not tender any unearned premium refund to Johnson was because it contended that Johnson had paid only $4.40 and that it did not owe Johnson any refund. However, the jury finding that Johnson paid defendant's authorized agent $24.40 is amply supported by the evidence, and we must therefore unquestionably accept as true such fact, and it therefore remains that appellant never at any time refunded to Johnson the unearned premium it would unquestionably owe him on a cancellation.)

In Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W.2d 257, 258, it is stated:

"While there is a conflict of authority in other jurisdictions, See 45 C.J.S., Insurance, § 450b(2), p. 90; 29 Am. Jur. Sec. 285, p. 264, and Couch Cyc. of Ins. Law, Vol. 6, Sec. 1440, p. 5094, it has been held in this State that when a policy provides for cancellation by the insurer by mailing notice thereof in compliance with the terms of the contract, cancellation is effected by such mailing whether the notice is ever received by the insured or not. California-Western States Life Ins. Co. v. Williams, Tex.Civ.App., 120 S.W.2d 844, writ dismissed; Aetna Ins. Co. v. Aviritt, Tex.Civ.App., 199 S.W.2d 662; Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000. *However, it is the established rule that to effect a cancellation the conditions of the policy upon*

*which rests the insurer's right of cancellation must be complied with and followed strictly,* 45 C.J.S., Insurance, § 449, pp. 83–84; 29 Am.Jur., Sec. 283, p. 262; 24 Tex.Jur., Sec. 57, p. 751; *or as otherwise stated 'must be strictly construed and strictly performed.'* Seaboard Mutual Casualty Co. v. Profit, 4 Cir., 108 F.2d 597, loc. cit. 599(4), 126 A.L.R. 1105." (Emphasis ours.)

The rule of strict compliance with respect to cancellation was applied in the case of Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000, where the omission from the address of the insured of the words "star route" rendered ineffective the attempt to cancel the policy there in question, even though the insurer tendered to the insured the return premium and notice was actually mailed and the insured's failure to receive it was not due to insurer's failure to direct it to the address shown in the policy. Also this court followed this rule of strict compliance in the recent case of U. S. Liability Ins. Co. v. Baggett & Sharpe, d/b/a Texarkana Finance Co., No. 6833, not yet reported, wherein the address in the notice of cancellation, "Maud, Bowie, Texas" was held not to be in compliance with the address in the policy, "Maud, Bowie *County*, Texas." This opinion points out that Maud, Texas, a small town of about 800 population in Bowie County, Texas, had a post office and that Bowie, Texas, a city of about 6,000 population, also had a post office and that there was such a variation in the address shown on the cancellation notice that the letter could have been as easily sent to Bowie, Texas, as to Maud, Texas.

Many Texas cases hold that under the terms of the insurance policies there in question (similar to the provisions of Sec. 16 of policy No. A–54094) return or tender of the unearned premium was a condition precedent necessary to effect cancellation, to wit: Phoenix Assur. Co. v. Munger Improved Cotton Mach. Mfg. Co., 92 Tex. 297, 49 S.W. 222; Niagara Fire Ins. Co. v. Mitchell, Tex.Civ.App., 164 S.W. 919, error dis.; Hartford Fire Ins. Co. v. Cameron, 18 Tex.Civ.App. 237, 45 S.W. 158;

New York Underwriters Ins. Co. v. Brittain, Tex.Civ.App., 62 S.W.2d 168, error dism.; St. Paul Fire & Marine Ins. Co. v. Clark, Tex.Civ.App., 200 S.W. 229, error ref.; Seaboard Fire & Marine Ins. Co. of New York v. Hines, Tex.Civ.App., 142 S.W.2d 538, error dism.; Planters' Ins. Co. v. Walker, Lodge No. 19, etc., 1 White & W.Civ.Cas.Ct.App., § 758; Continental Ins. Co. v. Busby, 3 Willson, Civ.Cas.Ct.App. § 101.

In Hartford Fire Ins. Co. v. Cameron, 18 Tex.Civ.App. 237, 45 S.W. 158, 160, the court stated: " * * * it would be unreasonable and unjust to allow it (the insurance company) to cancel its obligation, and retain the consideration upon which it was based," and " * * * It is a well-settled rule in equity that one who seeks to cancel an obligation must tender back the consideration in his bill to cancel * * *."

In New York Underwriters Ins. Co. v. Brittain, Tex.Civ.App., 62 S.W.2d 168, 171, error dism., the court stated:

"It was then the duty of appellant (insurance company) to tender a return of the unearned premiums if it desired to forfeit the policy. * * * We know of no principle of law which will permit appellant to come into court now and escape the obligation of the policy by tendering back the unearned premium. Manifestly, to permit appellant to do so would be wholly inequitable and unjust. We think the authorities fully support appellee's contention that appellant is estopped to deny its liability."

Appellant heavily relies upon the case of Insurance Co. of Texas v. Parmelee, Tex. Civ.App.Austin, 274 S.W.2d 944, 946, no writ history, where that court in construing a cancellation provision similar to Sec. 22 of the policy No. 54094 in question here, said:

"We do not believe that it is a condition precedent for the Insurance Company to have tendered to Ricketson the unearned premium at the time the notice of cancellation was mailed.

"The policy provided for premium adjustment as soon as practicable after cancellation becomes effective.

"We have hereinabove referred to the evidence surrounding the unearned premium refund and will not further discuss this feature, since we believe that the cancellation became effective at the date provided in the cancellation notice.

"Leslie v. Standard Accident Ins. Co., 1944, 327 Ill.App. 343, 64 N.E.2d 391; Gibbons v. Kelly, 1951, 156 Ohio St. 163, 101 N.E.2d 497; Wallace v. State Farm Mutual Automobile Ins. Co., 1949, 187 Tenn. 692, 216 S.W.2d 697; Austin Fire Ins. Co. v. Polemanakos, Tex.Com.App., Sec. B, 207 S.W. 922."

There was testimony in the Parmelee case, however, to the effect that the return premium was credited to an insurance agency and was not paid direct to Ricketson, the insured, because Ricketson was not entitled to any refund, never had been and had never asked for any refund. There was no question of estoppel raised in the Parmelee case as is raised in this case where here no unearned premium was tendered to Johnson either at the time of the cancellation notice, or "as soon as practicable", or at any time, with the facts in the instant case showing the continued retention by appellant insurance company of the unearned premium due Johnson, with no effort whatever shown by appellant at any time to do equity by tendering the unearned premium to Johnson.

■ The phrase "as soon as practicable" as used in a policy provision similar to the one involved here has been held to mean a "reasonable time." Turney v. Allstate Ins. Co., 167 Pa.Super. 175, 74 A.2d 730; Wallace v. State Farm Mut. Automobile Ins. Co., 187 Tenn. 692, 216 S.W.2d 697.

The case of Ellzey v. Hardware Mutual Ins. Co., La.App., 40 So.2d 24, a Louisiana case, involved a cancellation provision providing for the return of the unearned premium at the time cancellation was effected, or as soon as practicable thereafter, just as in the present case. It was there held that a tender of the unearned premium more than a week after the purported date of cancellation was insufficient with the result that the policy remained in effect leaving the insurer liable for an accident which occurred between such date and the tender of its unearned premium. Also in this connection see the following cases: Boston Ins. Co. v. Read, 10 Cir., 166 F.2d 551, 2 A.L.R.2d 1155; Elmore v. Middlesex Mut. Fire Ins. Co., 219 S.C. 520, 65 S.E.2d 871, and Crotts v. Fletcher Motor Co., 219 S.C. 204, 64 S.E.2d 540.

■ We hold that the liability insurance policy, bearing on the inside insuring and declarations provisions of the policy, the number 54094 (and bearing on the outside of the policy the number A–54094) was in truth and in fact policy No. 54094. We hold that the accidental death and dismemberment policy, bearing the number A–54094 both on the inside and outside, was in truth and in fact policy No. A–54094. We further hold that these policies are not one policy but are two separate and distinct policies. We further hold that under the facts in this case and under the authorities above cited requiring strict compliance with respect to policy cancellation provisions, that the notice of cancellation directed to policy No. A–54094, the accidental death and dismemberment policy, did not cancel policy No. 54094, the motor vehicle liability policy in question.

In 24 Tex.Jur. p. 705, 707, it is stated:

"Sec. 29. Construction Favorable to the Insured. It is a settled principle of insurance law, laid down in a host of decisions, that language of a policy which is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured. * * *

"In other words, when the contract is capable of two constructions, under one of which recovery is allowed but under the other of which it is denied, that construction will be given which

permits a recovery. And where two interpretations, equally fair, may be made, that which allows the greater indemnity must prevail."

If, however, we be mistaken in our view that the two policies in question do not constitute one policy as contended for by appellant, then we would have the situation of two different cancellation provisions, Sec. 22 of the liability policy which provides for return of the unearned premium at the time of cancellation "or as soon as practicable" and Sec. 16 of the accidental death and dismemberment policy which provides for the return of the unearned premium at the time of cancellation. If appellant's view that the two policies constitute one policy is sound, then in such event we think that the more onerous of the cancellation provisions, Sec. 16, providing for return of the unearned premiums at the time of cancellation, would be applicable in such event under the rule of construction next above quoted from Texas Jurisprudence. In such event the Texas cases above cited containing cancellation provisions similar to Sec. 16, supra, would undoubtedly apply, and appellant not having tendered the unearned premium to Johnson at the time of cancellation or at any time, would not be entitled to cancellation.

We are also inclined to the further view that if it should be held that the two policies were one and that Sec. 22 were then applicable, instead of Sec. 16, even then it would be our view that under the peculiar and unusual facts in this case, where appellant did not tender the unearned premium to Johnson at the time of the alleged cancellation, or "as soon as practicable" thereafter, or at any time, and is *still* retaining the unearned premium due Johnson and has never made any offer to do equity, that appellant is also estopped to contend that the policy in question was cancelled.

In any and all events, under the unusual and peculiar facts in this case, we hold that the trial court correctly held against defendant-appellant on the question of cancellation. Appellant's first and second points are overruled.

We also think the record and evidence in this case sufficiently show that the judgment Brown recovered against Johnson was for $5,000 for his wife's personal injuries and was for $423.38 for property damages, which amounts of recovery were within the policy limitations of the policy issued by appellant to Johnson. Appellant's third point is overruled.

The judgment of the trial court is affirmed.