544 P.2d 1135

**CIVIL SERVICE EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellant,**

v.

**Emilio RODRIQUEZ and Evelyn Rodriquez, husband and wife, and Darryl L. Ogule, a minor, and Nora Lee Ogule, his best friend, Appellees.**

**No. 2 CA–CIV 1940.**

Court of Appeals of Arizona, Division 2.

Jan. 27, 1976.

Rehearing Denied March 4, 1976.

Review Denied April 6, 1976.

2. The Honorable Henry S. Stevens, retired, was called to participate in the disposition of this matter.

Fish, Briney, Duffield & Miller, P. C., by Richard Duffield, Tucson, for appellant.

R. Lamar Couser, Tucson, for appellees Rodriquez.

Thomas E. Johnson, Tucson, for appellees Ogule.

OPINION

HOWARD, Chief Judge.

Civil Service Employees Insurance Company (CSEIC) instituted an action for declaratory judgment in superior court below. It sought a declaration that it had effectively cancelled a policy of insurance issued to Emilio and Evelyn Rodriquez and that it need not defend them in an action brought by the Ogules for injuries sustained in an automobile accident which occurred on September 17, 1973 allegedly as a result of Emilio's negligence. The court found against CSEIC and in favor of the Rodriquezes, determining that the policy had not been effectively cancelled and was therefore in full force and effect at the time of the accident. This appeal followed.

The facts set forth in the court's findings are not disputed. The issue is merely whether or not the cancellation notice sent by CSEIC to the Rodriquezes complied with the requirements of A.R.S. Sec. 20–1632(A). We hold that it did not and therefore the cancellation was invalid under A.R.S. Sec. 20–1632(B), the result being that the policy remained in force at the time of the accident.

CSEIC issued a policy of automobile insurance to the Rodriquezes on June 8, 1971. The policy term was six months with an option to renew for successive six-month periods upon payment of the premium due. The policy was renewed every six months, the last renewal occurring on June 8, 1973. In June of 1972, Emilio Rodriquez pled guilty to a charge of driving while intoxicated. In late May of 1973, CSEIC became aware of this conviction. On July 9, 1973, CSEIC mailed its standard form notice of cancellation to the Rodriquezes, the effective date of cancellation being July 31. 1973.

On the same date, CSEIC mailed a premium refund check for the amount not yet earned. At about the same time, Evelyn Rodriquez mailed an additional premium payment which was returned July 11, 1973.

CSEIC's standard form cancellation notice states at the bottom that there is "IMPORTANT INFORMATION FOR MOTORIST ON REVERSE SIDE." On the reverse side of the form, the following appears:

> "ARIZONA: If box 2 is marked, you are hereby notified of your right to complain to the Director of Insurance of this action, in writing within seven days after receipt of this notice.

> If you have difficulty obtaining insurance, you may be eligible for insurance through the Arizona Automobile Assigned Risk Plan."

\* \* \* \* \* \*

■ Box 2 was not marked. Rather, apparently through inadvertence, Box 1 was marked. None of the information contained on the reverse side of the form has anything to do with Box 1. The conclusion to be drawn from this fact is that if Box 1 is checked, nothing on the reverse side of the form is intended to be considered by the reader. For this reason, the notice of cancellation was insufficient to comply with the requirements of A.R.S. Sec. 20–1632(A) which reads in pertinent part:

> "\* \* \* Such notice shall include or be accompanied by a statement in writing of the reasons for such action by the insurer and a notice indicating the named insured's right to complain to the director of the insurer's action within ten days after receipt of the notice by the insured. The insurer's notice to the named insured shall also include notice of his possible eligibility for insurance through the automobile assigned risk plan, and shall state that all information included in the notice is given pursuant to this article."

CSEIC's form is defective in three respects. First, by marking the wrong box, it fails to sufficiently notify the named insureds of their right to complain to the director of insurance or of the possibility of their obtaining insurance through the assigned risk plan; second, it fails to state the time within which the complaint can be filed as 10 days, but rather states it as 7 days; and third, it fails to indicate the information given is pursuant to Title 20, Chapter 6, Article 11 of the Arizona Revised Statutes.[1]

■ CSEIC contends nevertheless that these defects should not invalidate the cancellation in spite of the language of A.R.S. Sec. 20–1632(B) that:

> "Failure of the insurer to comply with subsection A shall invalidate any cancellation, non-renewal or reduction in limits of liability or coverage, except a cancellation or non-renewal for nonpayment of premium."

CSEIC's contention is based upon the proposition that it has complied with the spirit, if not the letter, of A.R.S. Sec. 20–1632. We do not agree that all the statute requires is colorable compliance. The notice requirements are set forth explicitly as is the consequence of non-compliance. We hold that strict compliance is required. See *Home Accident Insurance Company v. Pleasant,* 36 Ariz. 211, 284 P. 153 (1930). Having failed to comply, the attempted cancellation was invalid and the court below properly denied CSEIC the declaratory relief it sought.

■ In the alternative, CSEIC contends that even if the notice of cancellation was defective, the Rodriquezes waived their right to sufficient notice by their acceptance of the return of the unearned portion of the premium and by Mrs. Rodriquez' admission that she believed their insurance to have been cancelled. 17 Couch on Insurance 2d Sec. 67:410 is cited as authority for this contention. Were we concerned

---

1. A notation that the information was given pursuant to A.R.S. Sec. 20–1632 would, in our opinion, have been sufficient.

here merely with the right of the insureds to be notified of the cancellation, CSEIC's waiver argument would be stronger. See 17 Couch on Insurance 2d Sec. 67:417. We are dealing, however, with a statutory requirement that the insurance company notify the insured of his right to complain to the director of insurance, his possible elegibility for assigned risk insurance, and his ability to complain within 10 days. These rights cannot be waived without knowledge of their existence. 17 Couch on Insurance 2d Sec. 67:420.

The judgment is affirmed.

. KRUCKER and HATHAWAY, JJ., concur.