OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 20, 2001

Mr. John P. Maline
Executive Director
Executive Council of Physical Therapy
  and Occupational Therapy Examiners
333 Guadalupe, Suite 2-510
Austin, Texas 78701-3942

Opinion No. JC-0344

Re: Whether an applicant for a physical therapist license or a physical therapist assistant license may submit the examination fee directly to the exam provider (RQ-0287-JC)

Dear Mr. Maline:

An applicant for a physical therapist license or a physical therapist assistant license must "submit to" the Texas Board of Physical Therapy Examiners (the "Board") a written application "accompanied by . . . an examination fee." TEX. OCC. CODE ANN. § 453.202(a), (b)(1) (Vernon 2001); *see id.* § 453.001(1) (defining "board"). You state that an entity other than the Board owns and administers the examination, and the entity would like to know whether an applicant may pay the examination fee directly to it. You accordingly ask whether an applicant may "pay the examination fee directly to the provider of the exam."[1] Section 453.202 of the Occupations Code does not permit payment directly to the exam provider.

A person may not practice physical therapy or as a physical therapist assistant unless he or she has obtained a license from the Board. *See* TEX. OCC. CODE ANN. § 453.201(a) (Vernon 2001). As an initial step toward obtaining a license, section 453.202 of the Occupations Code requires a license applicant to submit to the Board a written application "accompanied by" the examination fee:

> (a) An applicant for a physical therapist license or a physical therapist assistant license must submit to the board a written application on a form provided by the board.

> (b) The application must be accompanied by:

> (1) an examination fee prescribed by the board; and

> (2) a nonrefundable application fee prescribed by the board.

---

[1]*See* Letter from Mr. John P. Maline, Executive Director, Executive Council of Physical Therapy and Occupational Therapy Examiners, to Honorable John Cornyn, Texas Attorney General (Sept. 19, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

*Id.* § 453.202(a), (b).   Under a recently adopted Board rule, the Executive Council of Physical Therapy and Occupational Therapy Examiners sets the examination fee, and a fee paid to the Board "may be in the form of a personal check, cashier's check, money order, or other certified funds." 25 Tex. Reg. 8130 (2000), *adopted* 25 Tex. Reg. 11288 (2000) (to be codified as an amendment to 22 TEX. ADMIN. CODE § 339.1) (Tex. Bd. of Physical Therapy Exam'rs, Fees).

When the substance of section 453.202 was adopted in 1971, *see* Act of May 25, 1971, 62d Leg., R.S., ch. 836, § 8(a), 1971 Tex. Gen. Laws 2542, 2545, you suggest that requiring an applicant to submit the examination fee payment directly to the Board with the application made sense. *See* Request Letter, *supra* note 1, at 1.   But the examination procedure has changed since 1971, and you suggest that it no longer makes sense for an examination fee payment to be submitted to the Board. In 1971, you recount, "the Board paid Professional Examination Service, the owner of the exam, directly for the exams before applicants took it. . . . The written exam was offered three times a year in Austin." *Id.*   When an applicant "signed up for" the exam, the applicant sent the exam fee to the Board, which deposited it into the state's general revenue fund. *See id.*   In 1994, however, the Board switched to "a computer-based exam format" so that an applicant may take the exam at his or her convenience at any Sylvan Learning Center. *See id.*   Also in 1994, you state, "the Board began acting as a 'pass through' for the exam fee." *Id.*   An applicant submits a certified check to the Board, payable to the exam's current owner, the Federation of State Boards of Physical Therapy ("Federation"), with the application. *See id.* at 1-2.   "The Board keeps the certified check in its office safe until an applicant meets all of the Board's requirements to sit for the exam." *Id.* at 2.   The Board then sends the certified check to the Federation, presumably along with certified checks from other applicants who have just met the Board's requirements. *See id.*   Soon, you state, applicants will be able "to register for the exam online and pay for the exam with a credit card." *Id.*   The Federation therefore would like to know whether an applicant may pay the examination fee directly to it. *See id.*

We assume that the Federation may administer the examination and may do so in the manner described. *Cf.* TEX. OCC. CODE ANN. §§ 432.152(b)(1) (Vernon 2001) (requiring Executive Council of Physical Therapy and Occupational Therapy Examiners to perform "administrative functions relating to issuing . . . licenses, including" administering written examinations and collecting fees), .153(b) (designating Board or Board of Occupational Therapy Examiners as responsible to select "standardized national or generally accepted examinations"), 433.205(a) (Vernon 2001) (requiring Board to examine applicants at "time designated by the board").

We conclude that an applicant must submit the examination fee to the Board and must submit it with the application for a license.   To approve the Federation's proposal, we would have to conclude that an applicant may pay the examination fee directly to the examination administrator with the examination registration.   But that construction contravenes section 453.202's plain language.

Section 453.202 of the Occupations Code requires that the examination fee accompany the application to the Board.   Chapter 453 does not define the phrase "accompanied by" used in section

453.202(b), *see* TEX. OCC. CODE ANN. ch. 453 (Vernon 2001); *id.* § 435.202(b), and you suggest that it may be interpreted broadly to mean "occur at the same time." Request Letter, *supra* note 1, at 2. Thus, "a person could register to take the exam as part of the application process[] and pay the examination fee directly to the Federation." *Id.* But a word that the legislature has not defined by statute must be defined consistently with common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). To "accompany" commonly means to go with or joined. *See* 1 OXFORD ENGLISH DICTIONARY 80 (2d ed. 1989); *cf. In re Louie*, 10 B.R. 928, 931 (Bankr. E.D. Mich. 1981) ("'accompanied by satisfactory evidence . . .' means that" evidence is "attached"); *Grisham v. Five Star Ins. Co.*, 925 P.2d 1075, 1078 (Ariz. Ct. App. 1996) ("To 'accompany' is 'to go with as an associate or companion.'") (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1986)). Accordingly, we cannot construe the phrase to permit an applicant to submit the examination fee to the Federation at the same time he or she submits the license application to the Board if the fee does not go with the application to the Board.

Moreover, the examination fee must accompany the *application*—which is submitted to the Board—and not the registration, which you indicate is submitted directly to the Federation. *See* Request Letter, *supra* note 1, at 2. Section 453.202 of the Occupations Code directs an applicant to submit to the Board "a written application on a form" the Board has provided. TEX. OCC. CODE ANN. § 453.202(a) (Vernon 2001). The written application, "accompanied by . . . an examination fee," must be submitted to the Board. *Id.* § 453.202(b)(1); *see also* 25 Tex. Reg. 8128 (2000), *adopted* 25 Tex. Reg. 11286 (2000) (to be codified at 22 TEX. ADMIN. CODE § 329.1) ("General Licensure Requirements and Procedures"). You do not define what you mean by registration, and chapter 453 of the Occupations Code does not use the term. *See* TEX. OCC. CODE ANN. ch. 453 (Vernon 2001); *cf.* XIII OXFORD ENGLISH DICTIONARY 514, sense 2(d) (2d ed. 1989) (defining "register" as "[t]o enter oneself or have one's name recorded in a list of people, . . . , as being of a specified category or having a particular eligibility or entitlement").

In short, we conclude that an applicant must submit the examination fee to the Board with the written application for a license. The examination fee may not be submitted directly to the entity that owns and administers the examination (where that entity is not the Board), nor may it be submitted with the registration.

## S U M M A R Y

Under section 453.202 of the Occupations Code, an applicant for a physical therapist license or physical therapist assistant license must submit the required examination fee directly to the Board of Physical Therapy Examiners along with the written application for a license. *See* TEX. OCC. CODE ANN. § 453.202 (Vernon 2001). An applicant may not submit the examination fee directly to the entity that administers the examination—which is not the Board—with the registration to take the examination. *See id.*

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee